*1832.*

Champlin
v.
Corporation
of N. York.

---

CHAMPLIN and others *vs.* THE MAYOR, &c. OF THE CITY OF NEW-YORK.

Where land has been taken by the corporation of the city of New-York for the purpose of opening a street, and the report of the commissioners of estimate and assessment has been confirmed by the supreme court, the court of chancery has no jurisdiction to restrain the corporation from opening the street, unless the proceedings are void, or there has been fraud or corruption on the part of the corporation.

An injunction to restrain the corporation from opening the street will not be granted, unless it is shown by the complainant's bill that the proceedings are void; or that there is some particular act of fraud, or prima facie evidence of corruption on the part of the corporation distinctly stated in the bill, and positively sworn to by the complainant.

Where the defendant has obtained an order to dissolve an injunction by the default of the adverse party after due notice of the application, the court will not vacate such order merely to enable the complainant to interpose a technical objection which does not go to the merits of the application.

THE bill in this cause was filed by certain land owners in the city of New-York, whose land had been taken by virtue of an ordinance of the corporation for widening Fifth street, between Broadway and the Washington square, to restrain the defendants from proceeding with the improvement, after the report of the commissioners of estimate and assessment had been confirmed by the supreme court. An ex parte injunction having been granted, an application was made to dissolve the same, upon the coming in of the answer. In consequence of an accident, by which the steam-boat did not arrive at the usual time, the papers to oppose the motion were not received until after an order dissolving the injunction had been obtained by default, and the court had adjourned. Upon an ex parte application to the chancellor, an order was obtained requiring

October 4.

the defendants to show cause on the next motion day, why the default should not be set aside and the injunction restored. The order also restrained the defendants in the mean time from removing the buildings of the complainants. There was a technical objection to the original application to dissolve the injunction, and the defendants' counsel insisted upon retaining his default, unless that technical objection was waived. But he was willing to have the default opened provided the question as to the right to a dissolution of the injunction could be heard and decided upon the merits. The CHANCELLOR held that as the order dissolving the injunction had been regularly obtained, the complainants were not at liberty to have the order vacated merely for the purpose of insisting upon an objection which did not go to the merits, and which would only require the defendants to give a new notice of their application. The motion was thereupon heard upon its merits.

*H. W. Warner,* for the complainants.

*Dudley Selden,* for the defendants.

THE CHANCELLOR. This court cannot interfere to correct the proceedings of the corporation in a case of this kind, after confirmation of the report of the commissioners of estimate and assessment, upon a bill filed against the corporation alone, unless their proceedings are void. If the proceedings are merely voidable for error therein, all the individuals whose property has been vested in the corporation by the confirmation of the report and all whose property has been assessed for the improvement have a direct interest in the question, and they must be made parties to enable them to protect their rights. They cannot compel the corporation to appear and defend their rights for them; and they should not be deprived of the use of their property by an injunction founded on a bill filed against a mere nominal party, who may perhaps be willing to have the proceedings indefinitely stayed. If the corporation should neglect to proceed and open the street within a reasonable time after the confirmation of the report of the commissioners, the parties interested might apply to the proper tribunal to

compel them to proceed. But this could not be done while they were restrained from proceeding by an injunction out of this court. Notwithstanding the injunction, however, persons not parties to the suit, in whose favor damages had been assessed, might sue the corporation and recover those damages. (2 *R. L. of* 1813, *p.* 418, § 183.) The answer in this case is verified in the only way in which it was possible to verify it so as to entitle the defendants to a dissolution of the injunction. It is put in under the seal of the corporation, and the presiding officer of that body swears it is true as far as his own acts are concerned, and that he believes it to be true in all other respects. It is also verified by the oath of the individual upon whose petition the proceedings to widen Fifth street were instituted, and who undoubtedly knows more about the facts of the case than any of the nominal parties in this cause. All the material allegations in the bill, if there are any such, are fully denied by this answer, so far as it was possible for any person to deny them.

I am also satisfied from an examination of the bill and the verification annexed, that this injunction ought never to have been granted. And I presume, from the opinion of the vice chancellor which was delivered on the first application, that it would not have been allowed if the motion, which was referred to him by the chancellor, had been opposed. But as the defendants had received notice of the last application and did not attend, the injunction was granted as of course. The only possible ground upon which the jurisdiction of this court could be sustained is that the individual members of the corporation who voted for this improvement have not exercised their honest judgment as to the necessity or expediency of the measure as a public improvement; but that they have been corrupted, and have violated their duty and their oaths of office to benefit some individuals at the expense of others. Whenever such a case as that is shown by the pleadings, and sustained by competent proof, I will not say that this court has not jurisdiction to interfere and protect the rights of an individual whose property is attempted to be taken from him by such a fraudulent and corrupt proceeding. But it would certainly be both unwise and inexpedient for this court

to stop the proceedings of a body whose powers and duties are more important to the public than those of the legislatures of some of our sister states, merely upon the suspicion, or even upon the honest belief of a party who is interested in opposing the proceedings of the common council in its legislative capacity. To authorize the issuing of a preliminary injunction in such a case the complainants should be able to point to some particular act of fraud, or prima facie evidence of corruption on the part of the members of the corporation who voted for the ordinance. Here there is only a general charge that the complainants believe and expect to make it appear that the conduct and proceedings of the corporation in relation to the widen ing of this street have been collusive, partial and utterly corrupt. And even this allegation of belief is not verified by the oaths of those complainants who had attended before the committee of the corporation and taken an active part in opposing the ordinance. The bill is sworn to by a female who probably could know very little about the proceedings of the corporation. And although I have no doubt she has sworn honestly in this case, it is hardly possible that she can have sworn understandingly. She does not pretend she has any personal knowledge that a majority, or even an individual member of the corporation who voted for this law had been corrupted, or that the complainants had obtained any such information from others. But this grave charge against such a respectable body of men is stated as a matter of belief merely. This was not enough, even prima facie, to satisfy the court of the existence of the fact ; and unless sufficient is shown to induce the court to believe that such a charge is true, a preliminary injunction should not be granted.

The rule to show cause must therefore be discharged ; and the order dissolving the injunction is to remain in full force.