TINGLEY S. WOOD ET AL.

v.

JOSEPH E. WOOD ET AL.

*Insolvency—Bank—Liability of Stockholders.*

Upon a bill filed by depositors of an insolvent bank, praying that the stockholders thereof be required to pay them the amounts due them from said bank, this court holds, that the decree in a case named did not bar the relief sought by the complainants herein, they not having been parties thereto; that the stockholders in the present case who were not parties to the case referred to, should be required to contribute to the fund in the same proportion as those who were parties in that case, before the latter should be required to contribute anything in this case; that complainants are not bound to wait for the settlement of given claims for contribution between living stockholders and the estates or heirs of deceased stockholders, and that the adjustment of such controversies should be left to a suit or suits having that as the main and primary object in view.

[Opinion filed June 12, 1891.]

APPEAL from the Circuit Court of Sangamon County; the Hon. J. J. PHILLIPS, Judge, presiding.

Messrs. PALMER & SHUTT, for appellants.

Messrs. C. A. KEYES, PATTON & HAMILTON and McGUIRE & COLBY, for appellees.

WALL, J. Upon the question principally urged we are inclined to agree with the Circuit Court in holding that the decree in the Queenan case, 117 Ill. 619, did not bar the relief sought by the complainants in this case.

These complainants were not parties to that suit and ought not to be affected thereby except so far as it exhausted the fund, unless they were bound to take notice of it and intervene. It would be a very harsh rule, likely to produce great injustice, to require them to do so. It is enough that they be subjected to the inconvenience and loss that may result from the successful movements of the more vigilant creditors

who secured to themselves the payment of their claim by the prosecution of the former suit.

Certainly, it is to be desired that all having a right to participate in a fund should be brought in, and that all who may be required to contribute should also be brought in, to the end that all interests may be adjusted in one proceeding; and wherever this is reasonably practicable it will be done.

How far the objection that it was not done might have prevailed, if interposed in that case, need not now be considered. But the relief to be granted in the present case should be equitable in its character, the proceedings in the former suit being taken into account. Therefore the stockholders in the present case who were not parties to the Queenan case should be required to contribute to the fund in the same proportion as those who were parties in that case, before the latter should be required to contribute anything in this case. So that when both cases are considered all the stockholders shall be assessed equally, all being required to pay the same per centum.

It appears, however, that the stockholders sued in this case are required to pay alike about twenty per cent, regardless of what was done in the Queenan case, and the result is that those who were assessed in that case are compelled to carry a heavier burden than their fellows who were not parties thereto. Manifestly, they may complain that there is a want of equality in the treatment thus accorded them. All should contribute in the same proportion, both assessments being considered.

With regard to the action of the Circuit Court in sustaining the pleas of the administrators of Hickox and Carter, there is some difficulty. It seems quite clear that so far as complainants are concerned, the plea of two years, etc., should bar the remedy as against the estates in the hands of the administrators, and the question is, whether the defendant stockholders might not ask that the estates be retained and the heirs, if they have received anything by descent, might be brought in and required to contribute to them in this proceeding. We are inclined to think the complainants are not bound to wait for the settlement of such claims for contribu-

tion between living stockholders and the estates or heirs of the deceased stockholders; and that the adjustment of such controversies should be left to a suit or suits having that as a main and primary object in view. For the error above indicated, the decree will be reversed and the cause remanded.

*Reversed and remanded.*