## STEPHENS *v.* HOCKEMEYER.

*(City Court of Brooklyn, General Term. June 27, 1892.)*

1. ADVERSE USER—NEGATIVE EASEMENTS—LIVERY STABLES.

The open and notorious use of premises for livery stable purposes, under claim of right, for 20 years, in violation of a covenant against such use, perfects a right so to use them in the owner.

2. SAME—EVIDENCE.

The premises in question, when such use commenced, consisted of two lots, with a frame building on either end, used as a livery stable, and the unoccupied space used for the storage of wagons and manure. Within the 20 years defendant removed the frame buildings and erected a brick livery stable covering the entire two lots. *Held*, that the use of the lots was substantially the same in either case, and that both uses should be considered in estimating the 20 years.

3. SAME—EVIDENCE.

The fact that one end of the stable building was not used for stabling horses did not affect the integrity of the building as a livery stable.

4. SAME—EQUITABLE INTEREST—LACHES.

Whether plaintiff's negative easement in defendant's premises was a legal interest or an equitable interest, in either case he lost his right to enforce it by his unreasonable delay.

Appeal from trial term.

Action by Clinton Stephens against Frederick C. Hockemeyer. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before CLEMENT, C. J., and VAN WYCK, J.

*Brunnemer & Bennett*, for appellant. *Otto F. Struse*, for respondent.

CLEMENT, C. J. The defendant is the owner of two lots of land situated on the easterly side of Marcy avenue, in this city, and became such owner about October 1, 1868; and the plaintiff is, and has been since March, 1891, seised of a plot of land 60 feet by 100, adjoining the premises of the defendant.

In 1850, Matilda Ann Van Doren sold certain real estate, including the premises of plaintiff and defendant, to one John R. Livingston, who, in 1852, conveyed a portion of the property, including also the premises of the plaintiff and the defendant, to one Bell. Both deeds contained a covenant against the erection or maintaining of a livery stable on the land described therein. This action was commenced March 31, 1891, and on March 31, 1871, and prior thereto, there were located on the northerly lot of the defendant a building 25 feet by 80, and on the rear of the two lots another building 20 feet by 50, and each building was erected and used as a livery stable, and the remainder of the southerly lot was used for the storage of wagons and manure. Eighteen years prior to the beginning of this action the defendant removed all the frame buildings on his lots, and erected in place thereof a brick livery stable of two stories in height, covering the two lots. The trial judge found that the entire premises had been openly used for the purposes of a livery stable for more than 20 years prior to the date of the commencement of this action, and for that reason rendered judgment for the defendant. The right of the plaintiff, if there were no question of adverse user in the land of the defendant, is a negative easement. *Trustees* v. *Lynch,* 70 N. Y. 440; *Parker* v. *Nightingale,* 6 Allen, 341. Judge ALLEN says, (*Lynch Case, supra,* 447:) "An easement in favor of and for the benefit of lands owned by third persons can be created by grant; and a covenant by the owner, upon a good consideration, to use or refrain from using his premises in a particular manner for the benefit of premises owned by the covenantor is, in effect, the grant of an easement, and the right to the enjoyment of it will pass as appurtenant to the premises in respect of which it was created." If we assume that the plaintiff had a legal interest in the land of defendant, (a question which it is not necessary to decide,) then the easement could be extinguished by adverse user of 20 years. *Woodruff* v. *Paddock,* 130 N. Y. 618, 29 N. E. Rep. 1021; *Snell* v. *Levitt,* 110 N. Y. 602, 18 N. E. Rep. 370. Actual knowledge by the plaintiff or the prior owners of his lots of such adverse user need not be shown. Judge EARL held in the case of *Ward* v. *Warren,* 82 N. Y. 265, that, "when the use of a way has, for the requisite time, been open, notorious, undisputed, under claim of right, and adverse, the law presumes a grant of such way from the owner of the servient tenement, and such presumption is conclusive. * * * The owner of the servient tenement is not permitted to defeat such an easement by simply showing that he did not, in fact, grant it, or have knowledge of its use." An easement can be acquired or extinguished by adverse user of 20 years. In this case the defendant and his tenants had openly, notoriously, and under claim of right used the buildings as a livery stable for 22 years prior to the commencement of the action. The portion of the lots not occupied by buildings in 1871 was used as a place of deposit for manure and for storage of wagons. The use of the lots for stable purposes has been uninterrupted for 22 years. In 1873 the defendant removed the frame buildings, and erected a two-story brick stable covering the two lots, but the use of the lots has been substantially the same, and that is sufficient, for the use need not be precisely in the same manner. *Belknap* v. *Trimble,* 3 Paige, 576. The plaintiff contends that the extent of the right should be limited to that which has been in actual use for 20 years. The adverse user did not depend on the number of stalls in the stable, or on the fact that the stable was at first a frame building. Both lots were used for stable purposes, and it would make no difference legally in the use whether the horses were kept at one time on the north side of the building and afterwards on the south. It would afford the plaintiff no relief if the use of the front of the southerly lot was restricted, and the stable allowed to remain on the rear of the same lot. We have discussed the case on the theory that the plaintiff, except for the adverse user, had a legal interest in the land of defendant. If the counsel for plaintiff is correct in his contention that plaintiff had no interest in the land,

then the right of plaintiff is equitable, and we do not hesitate to hold that he cannot enforce such equitable right by reason of unreasonable delay. *Calhoun* v. *Millard*, 121 N. Y. 69, 24 N. E. Rep. 27.

Judgment affirmed, with costs.