ANN E. PYATT, Appellant, *vs.* MINNIE D. RILEY, Appellee.

*Opinion filed October 16, 1914—Rehearing denied Dec. 3, 1914.*

1. PRACTICE—*pleadings may be amended when the cause is remanded generally.* Where a judgment is reversed and the cause is remanded, generally, for a new trial, the defendant may amend her pleadings and present any additional defense she may have to the plaintiff's claim.

2. TRUSTS—*what does not tend to show that grantee in sheriff's deed holds the title in trust.* The mere facts that the owner of the equity of redemption in land sold on execution was at his mother's house at the time the certificate of sale was assigned to her and made no objection, and that the mother knew that a suit for divorce was pending against the son, do not tend to show that the mother's purchase was in trust for his benefit.

3. SAME—*when trustee is not disqualified from purchasing land.* The fact that the testator's wife is made trustee for the sole purpose of applying the rents of the land upon the mortgage indebtedness of the testator does not disqualify her from purchasing a certificate of sale for a portion of the land sold to satisfy a judgment against a devisee.

4. SAME—*when widow is entitled to the first $500 received from rents and profits.* Where land is devised to the testator's son for life, burdened with a lien thereon for the sum of $500 per annum to be paid to the testator's widow out of the rents and profits, the widow is entitled to the first $500 received from rents and profits.

APPEAL from the Circuit Court of Moultrie county; the Hon. W. G. COCHRAN, Judge, presiding.

F. J. THOMPSON, and WHITLEY, FITZGERALD & Mc-LAUGHLIN, for appellant.

E. J. MILLER, for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

Minnie D. Riley, the appellee, (formerly Minnie D. Pyatt,) secured a decree of divorce and for alimony against Edward C. Pyatt in the district court of Chautauqua county, Kansas. She thereafter commenced an attachment suit in the circuit court of Moultrie county, Illinois, against Pyatt, based upon the said decree for alimony, and levied upon 160 acres of land as the property of Pyatt. Ann E. Pyatt, the appellant, filed an interplea, claiming title to the land by virtue of a sheriff's deed to 140 acres issued upon a certificate of sale which had been assigned to her by the Plano Manufacturing Company, and a sheriff's deed to 20 acres issued upon a certificate of sale which had been assigned to her by the purchaser at a sale under a judgment in favor of Spitler & Jennings. The circuit court adjudged that the title of appellant to the 140 acres was void and that her title to the 20 acres was valid. On appeal to this court the judgment of the circuit court finding the title to the 20 acres in appellant was affirmed, and in so far as it found appellant's title to the 140 acres was void the judgment was reversed and the cause was remanded to the circuit court for a new trial. (*Pyatt* v. *Riley*, 252 Ill. 36.) When the cause was re-docketed in the circuit court appellee obtained leave to file seven additional replications to the interplea, whereby she set up, in substance, that the naked legal title to the 140 acres was placed in appellant for the purpose of defrauding appellee out of the amount of alimony awarded her by said decree, and that appellant holds the title to the said 140 acres as trustee for Edward C. Pyatt.

It is urged that the court erred in permitting the additional replications to be filed, for the reason that on the first trial the only ground on which appellant's title was

attacked was that the judgments on which her sheriff's deeds were based were invalid, and that appellee should not now be 'permitted, after that matter had been litigated and determined against her in this court, to thus attack the title of appellant upon a new and entirely different ground. When the former judgment was reversed by this court the cause was remanded to the circuit court for a new trial. The cause was re-docketed in the circuit court, and appellee was entitled to a new trial pursuant to the mandate of this court and was entitled to amend her pleadings and present any additional defense she might have to appellant's claim. In passing upon this question in *Dinsmoor* v. *Rowse,* 211 Ill. 317, we said: "The rule is, that when a decree or judgment is reversed and the cause is remanded without specific directions the judgment of the court below is entirely abrogated, and the cause then stands in the court below precisely as if no trial had occurred, and the lower court has the same power over the record as it had before its judgment or decree was rendered, and may permit amendments to the pleadings and the introduction of other evidence, so long as the same are not inconsistent with the principles announced by the court of review and do not introduce grounds that did not exist at the hearing in the court below.—*Palmer* v. *Woods,* 149 Ill. 146; *Perry* v. *Burton,* 126 id. 599; *Rush* v. *Rush,* 170 id. 623." This has been the holding of this court ever since the decision in *Chickering* v. *Failes,* 29 Ill. 294. The court did not err in permitting the additional replications to be filed.

At the close of appellee's case, and again at the close of all the evidence, appellant requested the court to give a peremptory instruction directing the jury to find the issues in her favor, and the refusal of this instruction is assigned as error. The evidence offered on behalf of appellee tended to prove that E. A. Pyatt, the husband of appellant, died testate; that by his will he devised to his son, Edward C. Pyatt, during his natural life, and at his death to the heirs

of his body, the 140 acres of land involved as well as the
20 acres also involved on the former appeal; that the lands
thus devised were charged with a lien for the sum of $500
per annum, to be paid annually, out of the rents and profits
thereof, to appellant until her death; that the will further
provided that as a portion of his real estate was encum-
bered by mortgages and he might increase his mortgage
indebtedness during his lifetime, and as he desired that
one-fifth of such encumbrances should be borne by his
grandchildren and the remainder equally by all his children,
he appointed his wife as trustee, without bond, to take im-
mediate possession of all his real estate and apply the pro-
ceeds of the same to the payment of such indebtedness
until the same should be fully paid, and that the bequests
made to his children and grandchildren should be suspended
until the discharge of such indebtedness; that a certificate
of sale of the 140 acres in question was executed and de-
livered by the sheriff to the Plano Manufacturing Company
July 21, 1906, pursuant to a sale under execution against
the lands of Edward C. Pyatt; that on or about July 17,
1907, this certificate of sale was assigned and transferred
by the Plano Manufacturing Company to appellant for the
sum of $111.88, and on October 31, 1907, the sheriff exe-
cuted and delivered to her a deed to the land; that on
April 22, 1907, appellant filed her final report as trustee
under the will of her husband, which report was approved
in the month of September following and appellant was
discharged as such trustee; that on August 22, 1907, ap-
pellant received $146.45 from the sale of oats, on Septem-
ber 1 $120 for pasture, and from September 18 to Sep-
tember 25 $224.48 for corn,—all from the 160 acres in
question; that on June 17, 1907, appellee brought her suit
for divorce against Edward C. Pyatt in the district court
of Chautauqua county, Kansas, and on that day summons
was served upon said Edward C. Pyatt; that on September
ber 16, 1907, a decree of divorce was entered in that cause

and a decree for $1000 alimony against Edward C. Pyatt; that during the latter part of June, 1907, Edward C. Pyatt visited appellant at her home. in Decatur, Illinois, and remained there until about the middle of August; that while he was there his mother talked to him about the purchase of the certificate of sale from the Plano Manufacturing Company and he made no objection to the purchase; that at that time appellant knew that the divorce suit was pending in Kansas and had written appellee in reference to the trouble between her and her husband, in which letter she stated that no property that she had anything to do with would be "fooled away with lawyers;" that in the opinion of appellee the annual rental value of the land in question was seven, eight or nine dollars per acre.

Viewed in the light most favorable to appellee, this evidence falls far short of showing that the mere naked title to this 140 acres was vested in appellant and that Edward C. Pyatt was the beneficial owner. The mere fact that Edward C. Pyatt was present at his mother's home at the time the certificate of sale was assigned to her does not tend to prove that the transaction was for his benefit. The fact that appellant knew, at the time she purchased the certificate of sale, that the divorce suit was pending in Kansas has no bearing whatever upon the question whether she purchased the certificate for the benefit of her son.

Appellee assumes that the purchase and assignment of the certificate of sale was a transaction between appellant and Edward C. Pyatt, and seeks to invoke the rule which applies, when the rights of creditors are involved, to transactions between parent and child where fraud is alleged and where it is claimed that the consideration is grossly inadequate. This was not a transaction between appellant and her son. The Plano Manufacturing Company held the certificate of sale. Edward C. Pyatt had the right to redeem. Appellant had no rights in the premises whatever, and it

was entirely optional with the Plano Manufacturing Company whether it should sell and assign the certificate of sale to her. It does not appear that Edward C. Pyatt in any way participated in the negotiations leading to the sale and transfer of the certificate of sale, and in the absence of proof it will not be presumed that he did so, as the transaction was wholly between appellant and the holder of the certificate of sale.

It is contended that as appellant was acting as trustee under her husband's will and had not yet been discharged, the purchase of the certificate of sale by her inured to the benefit of her son. Appellant was appointed trustee under the will of E. A. Pyatt for the specific purpose of liquidating the mortgage indebtedness of the testator and for no other purpose. She was under no obligation as trustee, and indeed had no right, to use the funds of the estate, if any there were, to liquidate the indebtedness of Edward C. Pyatt.

There is no evidence whatever tending to show that Edward C. Pyatt is the beneficial owner of this property, and the peremptory instruction should therefore have been given.

As the cause must be remanded for another trial, it will be necessary to note some of the objections made to instructions given on behalf of appellee.

By the seventh instruction the jury were told, in substance, that though the common design is the essence of the charge of conspiracy, it is not necessary to prove that the defendants actually came together and agreed, in terms, to that design and to pursue it by common means, and that if they believed, from the evidence and circumstances proven, that Edward C. Pyatt and appellant talked about the transfer of the property to appellant before the transfer was made, and that both knew at that time that the transfer of said land to appellant would have the effect of

defrauding appellee and preventing her from collecting any decree which she might obtain against him, then, in law, both Edward C. Pyatt and appellant are deemed to have intended to work together in harmony, with the purpose in view of defrauding appellee. Other instructions were given to the same effect which directed a verdict for appellee. These instructions are clearly wrong. It was only in the event that the property was purchased for the benefit of Edward C. Pyatt and the title taken in appellant to defraud creditors that appellee was entitled to recover.

By another instruction the jury were told that as between appellant and her son she was not entitled to the rents and profits from the land in question until October 31, 1907,—the date of the sheriff's deed. By the will of E. A. Pyatt the 160 acres in question were devised to Edward C. Pyatt during his natural life, burdened with a lien thereon for the sum of $500 per annum, to be paid annually out of the rents and profits. As between appellant and her son she was entitled to the first $500 received from the rents and profits on the 160 acres, and the court erred in instructing the jury otherwise.

The court further instructed the jury that a conspiracy is an agreement made between two or more persons to do an unlawful act or to do a lawful act by unlawful means. This instruction was inapplicable to this case and should not have been given.

Other criticisms are made to the instructions given, but the same are without merit.

For the reasons given, the judgment of the circuit court is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*