## Hattie Lawler, Plaintiff in Error, v. Charles Schilling et al., Defendants in Error.

 Heard in this court at the February term, 1930. Opinion filed May 21, 1930. Rehearing denied June 23, 1930.

ROBERT FERDINAND TUNNELL, for plaintiff in error.

No appearance for defendants in error.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

This is said to be the same case that was heard on a former appeal, *Lawler v. Schilling,* 249 Ill. App. 290. At that time the only question presented for our consideration was the sufficiency of a plea of former adjudication. We held the plea insufficient and remanded the cause, generally, for further proceedings.

When the cause was redocketed in the trial court, counsel for plaintiff in error moved the court to enter a final decree, but the court declined to do so and granted defendants in error leave to plead. Plaintiff in error then filed a motion to strike the pleas from the files and her motion was denied. On January 14, 1930, plaintiff in error was ruled to reply to the pleas but

failed to do so and the bill was dimissed for want of equity at the costs of plaintiff in error.

It is argued that the court erred in permitting defendants in error to file their pleas. The former decree was reversed and the cause remanded, generally, for a new trial, and the court had ample power and authority to permit defendants in error to file additional pleas; *Pyatt v. Riley,* 265 Ill. 324. It follows that the court did not err in overruling the motion to strike the pleas from the files. It is also argued that the court erred in deciding the issues in favor of defendants in error and in entering the decree. The record shows that plaintiff in error declined to join issue on the pleas and that thereupon the court dismissed the bill for want of equity. In so doing the court committed no error.

The record in the case at bar does not show that plaintiff in error filed a bill for foreclosure or for any other purpose. No bill of any kind is set forth in the record. One of the pleas filed by defendants in error was a plea of laches or limitations. So far as the record shows that plea may have presented a full and complete defense. There is no showing that plaintiff in error attempted, by amending her bill, to avoid the question of laches. Before we can say that the court erred in dismissing the bill it was incumbent upon plaintiff in error to show that the court did err in that regard. In the state of the record the decree must be and is affirmed.

*Affirmed.*