ERVIN ET AL., respondents, v. COLLIER, appellant.

JUDGMENT — *effect of reversing — district court to examine opinion.* When a judgment is reversed for an error occurring subsequent to the trial, the effect is to put the parties back to the stage of the case where the error occurred, but does not warrant a trial *de novo.* In such case the motions to amend, and try the case *de novo* were properly overruled. *Woolman* v. *Garringer,* 2 Mon. 405, cited and approved. The district court may examine the opinion of the supreme court to ascertain how to give proper effect to the judgment if reversed.

EQUITY PROCEEDINGS — *findings of chancellor — presumptions of law.* The finding of the chancellor, " That the equities of the cause are with the plaintiff," is equivalent to finding every material fact for plaintiff, and the same would be presumed from a judgment given for plaintiff unless the contrary appeared. *Morse* v. *Swan,* 2 Mon. 306; *Ming* v. *Truett,* 1 id. 322, cited and approved.

LEGAL MAXIM APPLIED — *end of litigation.* The maxim that there should be an end of litigation applies in this case, where the appellant has had one appeal and an opportunity to show cause for rejecting or reducing receiver's charges and has failed to do so.

*Appeal from First District, Jefferson County.*

THIS is the same case, reported in 2 Mon. 605, appealed again from judgment of court below, BLAKE, J., overruling motion to amend, answer and try the cause *de novo,* after the case had been reversed and remanded for error occurring subsequent to trial.

SHOBER & LOWRY, and SANDERS & CULLEN, for appellant.

Where errors occur subsequent to the finding of facts and a case is reversed on appeal, the court below may exercise its discretion to re-try the issues of fact or not, as upon investigation of the case, substantial justice will be promoted. This court upon the former appeal not having modified the judgment of the court below, nor having dictated what that court should have done, it was free to exercise judicial discretion on all questions, as if the case had not been tried. *Cuff* v. *Dorland,* 57 N. Y. 560; 3 Estee's Pl. 751–5; *Love* v. *Schartzer,* 31 Cal. 488; *Marquot* v. *Marquot,* 12 N. Y. 341; *Beach* v. *Cooke,* 28 id. 508; *Townsend* v. *Harwell,* 18 Ala. 301; 6 Cranch, 206; 25 Tex. 573.

The record of this case will show that there never was a finding of facts against appellants, and our offer to prove facts on the last trial was overruled.

CHUMASERO & CHADWICK, and E. W. TOOLE, for respondents.

The court below did exercise an appropriate discretion in holding that the judgment of reversal together with the accompanying opinion of the supreme court did not require a new trial. It is very questionable under our practice whether the errors alleged in this appeal furnish grounds therefor. If meritorious they would seem rather to justify a resort to mandamus.

If the court did not err in refusing to try the case *de novo*, the judgment in favor of respondents for receiver's fees was required by the finding of facts in their favor on the main issues.

KNOWLES, J. On the 23d day of February, 1874, the plaintiffs in the above-entitled action recovered a judgment awarding them a perpetual injunction, restraining the defendant from committing a threatened trespass upon certain property alleged to belong to plaintiffs.

In said judgment it was further adjudged that a report of a receiver who had been appointed pending the suit be confirmed, and that defendant should pay the costs of the receiver, including wages of the receiver, taxed at $890.75. There was nothing in the record that showed us how much of this bill of costs was for wages, and how much was for expenses and charges. After the signing of this judgment, the defendant moved to modify the same, and on the fourth day of March following, the court did modify the same by striking therefrom all of the costs of the receiver.

From this modified judgment the plaintiffs appealed to this court, which for this error reversed said judgment and remanded the cause for reasons assigned in an opinion, which see 2 Mon. 605.

The cause came up again in the court below, and the defendant, instead of devoting himself to any errors that might be in the judgment of costs, made application to amend his answer and then try the cause *de novo*.

Both of these motions the court below refused and these refusals are assigned as error. In these particulars did the court err? They are the only questions presented for our consideration.

In the case of *Woolman* v. *Garringer*, 2 Mon. 405, this court made the following ruling: "In determining what force and effect is to be attached to a judgment of this court reversing the judgment of the court below we may examine the opinion of this court." And I may now add, for the same reason, that the district court may examine said opinion. For the purpose of informing the court below of the views of this court, the opinion in any case is attached to the remittitur thereof.

Again, in the case of *Woolman* v. *Garringer*, before mentioned, this court used the following language: "But we hold that where the error complained of occurs subsequent to the trial, and where a general verdict or a special verdict shows the facts found by a court or jury, and these are not controverted, and they are sufficient to warrant what we deem a correct judgment, and the opinion of the court clearly indicates what it would consider a correct judgment, then the judgment of this court to the effect that the judgment of the court below is reversed and cause remanded, should not be construed as granting a new trial, but as putting the parties back to the stage of the cause where the error occurred, for which the judgment was reversed."

There was no doubt as to where the error occurred in this case. It occurred in the judgment and not upon the trial. The question is then presented, whether or not sufficient was presented in the record of the case to warrant the court below in taking up the cause at the stage of the case where the error occurred. There had been a trial in the court below on all the issues of the case. The action sought equitable relief, the granting of an injunction. And in the decree or judgment reversed the court says: "This cause came on to be heard upon the pleadings on file, proofs and exhibits and report of the receiver herein, which is unexcepted to. Upon consideration whereof the court finds the equity of the cause with the plaintiff." The decree in pursuance of such finding is: "That the temporary injunction heretofore granted be made perpetual." I am inclined to think that the above find-

ing: "That the equities of the cause are with the plaintiff," should be construed as a finding of every material fact for the plaintiff. If that finding should not have this effect, then where a judgment is given, it will be presumed, unless the contrary appears, that the court that entered judgment found every material fact at issue in favor of the party for whom it gave judgment. *Morse* v. *Swan*, 2 Mon. 306; *Ming* v. *Truett*, 1 id. 322.

The court below then was confronted by this finding or the presumptions of law that all the facts were found that warranted the judgment. And it appeared that the only error, for which the judgment had been reversed, was the granting of the motion to modify the judgment. There was no need, therefore, for the court to go back to try the cause anew for the purpose of finding facts sufficient to warrant the judgment. The only question presented to the court below was the assessment of costs. The motion to modify the judgment came up anew for hearing. When that was determined, all of the facts necessary to advise the court as to what judgment it should enter were at hand. This is the view the court below took of the case. There was no error then in the court below refusing to allow the answer to be amended, and try the cause *de novo*. One trial on the merits was sufficient.

It is true that this court might have modified the judgment when the case was formerly before it, and ended it then. But if this court thought from the record that there might be found some reasons, which did not appear in the record before it for diminishing a rather large assessment of costs, and instead of modifying the judgment on the record presented, remanded the cause, it was a matter resting in its discretion. If the attorneys for defendant did not see fit to avail themselves of the opportunity presented, or no grounds existed for the reduction of the bill of costs in the case, then this court feels that its duty has been performed, and as there has been one trial of this cause on its merits, and no error now appears connected with that trial, the maxim that there should be an end of litigation applies. The judgment of the court below is affirmed with costs.           *Judgment affirmed.*