William Updike et al.

v.

George Parker et al .

1. Practice—Remanding cause.—Where a cause is remanded without special directions, and the court below is merely directed to proceed in conformity with the opinion expressed by the appellate court, such cause stands for trial upon the merits the same as if no appeal had been taken, except as to the questions adjudicated upon the appeal, and parties may amend their proceedings, and make new issues.

2. Practice in chancery—Evidence preserved in record.—In chancery, the record must preserve the evidence upon which the decree is based, or the decree must recite what facts are proved, and unless thus supported the decree can not stand.

Error to the Circuit Court of Crawford county; the Hon. James C. Allen, Judge, presiding. Opinion filed September 29, 1882.

Messrs. Callahan & Jones and Messrs. Patten & Watson, for plaintiffs in error; that the order of reversal was not such an order that no further proceedings could be had in the court below, and as to the effect of an order of reversal, cited Fuller v. Bates, 96 Ill. 134; Buck v. Hamilton Co. 99 Ill. 507; Blatchford v. Newbury, 100 Ill. 494.

Mr. J. C. Allen, Mr. J. C. Olwin, Messrs. Maxwell & Allen and Messrs. Parker & Crowley, for defendants in error; that only questions arising upon the action of the court upon remanding the cause can be considered on a second appeal, cited Litzer v. Maury, 16 How. 98; Corning v. Troy Iron Nail factory, 15 How. 451; Ogden v. Larrabee, 70 Ill. 510; Kingsbury v. Buckner, 70 Ill. 514; Rising v. Carr, 70 Ill. 596; Ogle v. Turpin, 8 Bradwell, 453.

Per Curiam. This case was here at a former term, and for reasons then assigned was reversed and remanded without special directions, but for another hearing and further proceedings consistent with the opinion. It appears from the record now before us that afterward the case "coming

Updike v. Parker.

on to be heard by the court upon the record, proceedings and opinion of the appellate court had and rendered herein, and now on file in this cause, it is, in obedience to the mandate of said appellate court, ordered, adjudged and decreed, that the injunction, heretofore granted, be made perpetual," etc. The questions involved in the case, were to a considerable extent questions of fact, and upon the record, as the case was then made up, this court held that the circuit court had decreed erroneously; but there was no order directing the circuit court to enter any particular decree, and the case stood for another trial precisely as though it had never been heard, but with the rules of law determined, so far as applicable to the facts then appearing.

By leave of the court, first had, the parties might amend their pleadings, make new issues, and upon a second hearing the aspect of the whole case might have been greatly changed. It affirmatively appears that the case was not heard upon its merits, but that it was determined solely upon the theory that there was a mandate of this court directing a decree. This was a misapprehension. It is a well settled rule of practice in chancery that the record must preserve the evidence upon which the decree is based, or the decree must recite what facts are proved, and when a decree is not thus supported, it can not stand. It is assumed by counsel for appellee that the case was heard upon the evidence adduced upon the first trial, but this position is not well taken. The record is otherwise. Indeed, the argument of counsel for the appellee is mainly to the point that the chief question in the case was adjudicated when the case was here before, and therefore can not be examined. The only new record now here is as to the proceedings since the reversal, the old record having by special permission been filed with it, and the two taken in lieu of one complete transcript.

The decree will be reversed, and the cause remanded for another hearing. The clerk will not tax costs upon the old record and abstracts.

Reversed and remanded.