STATE OF NEBRASKA V. OMAHA NATIONAL BANK ET AL.

FILED MAY 16, 1900. No. 10,586.

1. **Error: TRIAL DE NOVO.** When the reversal of a judgment is grounded on error in the trial occurring anterior to the verdict, the verdict is nullified and the cause, when remanded, stands for trial *de novo.*

2. **Mandate: MANDAMUS.** If the district court mistakes or misconstrues the mandate of this court, its obedience may be enforced by mandamus.

ERROR to the district court for Douglas county. Tried below before BAKER, J. Original application for mandamus to compel the district court to obey the mandate of this court heretofore issued herein. *Writ allowed.* NORVAL, C. J., *dissenting.*

*Constantine J. Smyth, Attorney General,* and *Willis D. Oldham, Deputy,* for the state.

*Constantine J. Smyth:* After the reversal of an erroneous judgment the parties in the court below have the same right which they originally had. *Phelan v. San Francisco,* 9 Cal., 15. The reversal of a judgment generally for a specified error alleged to be the only error is the reversal of the whole judgment, and not only of the part held to be erroneous. *Davis v. Headley,* 22 N. J. Eq., 115. Where a cause is remanded without special directions and the court below

is merely directed to proceed in conformity with the opinion expressed by the appellate court, such cause stands for trial upon the merits, the same as if no appeal had been taken. *Updike v. Parker*, 11 Ill. App., 356.

When a cause is "reversed and remanded for further proceedings," the judgment of the court below, as to the parties to the record, is entirely abrogated, and the cause then stands in the court below precisely as if no trial had occurred. *Chickering v. Failes*, 29 Ill., 303; *Palmer v. Wood*, 35 N. E. Rep. [Ill.], 1122; *Schumann v. Helberg*, 62 Ill. App., 218. Where a decree of a probate court on final settlement of an administrator's account is reversed generally and remanded, the decree is vacated *in toto* and the parties stand in the same position as if it had never been rendered. *Jones v. Dyer*, 20 Ala., 373. Counsel for the defense insists that the only remedy is by appeal. If that be true, then the litigant might never be able to reap the reward of a successful litigation in this court. A trial court might continue to disobey your honors' mandates, and enter such judgments as it saw fit, if the contention of counsel be correct. But it is not. A litigant has a right to have your honors' commands in his favor obeyed promptly. If this were not true, the position of this, the highest court in the state, would be a pitiable one. It would have the power to issue orders but no power to enforce them. That, however, is not your position. You are not required to sit supinely by, while your commands are flouted by either counsel or lower court. You have the power to enforce those commands, and to compel obedience to your judgment in a summary manner. *Sibbald v. United States*, 12 Pet. [U. S.], 491; *In re Washington & G. R. Co.*, 140 U. S., 91; *United States v. Fossatt*, 21 How. [U. S.], 445.

*R. S. Hall, Connell & Ives* and *John L. Webster, contra:*

The district court was at liberty to consider and decide any matter left open by the mandate, and certainly the question of whether or no there should be a trial *de novo*

of all the questions of law and fact in this case was left open by the mandate. *In re Sanford Fork & Tool Co.*, 160 U. S., 247; *Woolman v. Garringer*, 2 Mont., 405; *Ervin v. Collier*, 3 Mont., 189; *Commissioners for Montgomery County v. Carey*, 1 Ohio St., 463; *Cox v. Pruitt*, 25 Ind., 90.

Mandamus will not lie to review the action of a court, which is judicial and discretionary in its nature. But the remedy, if an error has been committed, is by appeal. *People v. Pratt*, 28 Cal., 166; *State v. Kinkaid*, 23 Nebr., 641.

SULLIVAN, J.

This is an application for a mandamus directing the district court of Douglas county to vacate a judgment which the state contends was rendered in disregard of the mandate of this court. There is no dispute about the facts. At a former term we disposed of the case of *State v. Omaha Nat. Bank*, 59 Nebr., 483, by reversing the judgment of the district court and remanding the cause for further proceedings. After the mandate went down and the district court was again possessed of the action, the attorney general withdrew his motion to dismiss the cause. Thereupon the defendants moved for a judgment on the verdict and their motion was sustained. Was this action of the court warranted by the judgment of reversal? Clearly not. The effect of a reversal depends altogether upon the reasons which brought it about. When a judgment of reversal is grounded on an error occurring after the trial the proceedings on the hither side of the error are wiped out, and the parties are put back where they were when the first false step was taken. That is the point from which the further proceedings are to start— the point from which the action is to progress anew. *Backus v. Burke*, 52 Minn., 109; *National Investment Co. v. National Savings, Loan & Building Ass'n*, 51 Minn., 198; *Commissioners of Montgomery County v. Carey*, 1 Ohio St., 463; *Nelson v. Hubbard*, 13 Ark., 253; *Cox v. Pruitt*, 25 Ind., 90; *Ervin v. Collier*, 3 Mont., 189; *Woolman v. Garringer*, 2 Mont., 405; *Felton v. Spiro*, 47 U. S. App., 402.

The error which induced this court to reverse the judgment against the state lay back of the verdict. One of the judges thought no verdict should have been rendered, but that the action should have been dismissed; another thought that the verdict was the result of an erroneous instruction, while the third member of the court expressed no opinion and took no part in the decision. It thus appears, construing the mandate in the light of the opinions, that the judgment of the district court was reversed because the verdict was the product of judicial error. It other words it was clearly determined that the verdict was an unlawful verdict; and for that reason alone the judgment was reversed. A reversal under such circumstances necessarily nullified the action of the jury and blotted out absolutely and forever all proceedings of the court from the point where the first fatal error was committed. The district court was as powerless to reanimate the verdict as it was to revitalize the judgment. An attempt to do either would be an attempt to exercise a revisory power over the decisions of this court. After the attorney general withdrew his motion to dismiss the action it was the manifest duty of the district court to empanel a jury and try the cause anew. In rendering judgment on the verdict which had been discredited and condemned, the district court failed to execute the mandate of this court; and it becomes our duty to enforce obedience by mandamus. There is no doubt about the authority of this court to issue the writ in this class of cases. *Perkins v. Fourniquet*, 14 How. [U. S.], 313; *In re Washington & G. R. Co.*, 140 U. S., 91; *In re City Nat. Bank of Fort Worth*, 153 U. S., 246; *Mason v. Pewabic Mining Co.*, 153 U. S., 361; *In re Sanford Fork & Tool Co.*, 160 U. S., 247. In the last case cited, Gray, J., speaking for the court, said, p. 225: "If the circuit court mistakes or misconstrues the decree of this court, and does not give full effect to the mandate, its action may be controlled, either upon a new appeal (if involving a sufficient amount) or by a writ of mandamus to execute the mandate of this

court." In the same case it is further remarked, p. 256: "The opinion delivered by the court, at the time of rendering its decree, may be consulted to ascertain what was intended by the mandate; and, either upon an application for a writ of mandamus, or upon a new appeal, it is for this court to construe its own mandate, and act accordingly."

We are asked by the attorney general to instruct the district court as to the principles of law applicable to the facts of the case. I am of the opinion that we should comply with this request; that we should indicate now our views on the questions which, through no fault of the litigants, we failed to decide in the error proceeding. My associates, however, think otherwise; they think that, having failed to speak as a court when it was our duty so to do, we should remain silent, regardless of consequences, until opportunity is again presented for an authoritative utterance.

It is said by counsel for the bank that a mandamus should not issue because the mandate contained no specific direction for further proceedings. Such direction was unnecessary. The capital fact to be noted is that this court decided that the verdict was an illegitimate product of the trial, and for that reason only reversed the judgment. In disregarding our decision and dealing with the verdict as valid and binding on the parties, the lower court violated an implied command which was clear, definite, certain and intelligible as though it had been formally expressed in precise terms.

A peremptory writ will issue directing the district court of Douglas county forthwith to vacate the judgment rendered by it in favor of the defendants, the Omaha National Bank and J. H. Millard, and to forthwith award a new trial of the action.

WRIT ALLOWED.

HOLCOMB, J., concurring.

In concurring in the opinion by Mr. Justice SULLIVAN, it is, perhaps, due from me to say that I regard the matter

in controversy herein as involving a rule of practice in cases remanded to the district courts of the state by this court. The question might have arisen in any case. It has arisen in this one. While my qualifications to take part in the court's deliberations have been questioned, because of my alleged connection with or relation to the institution of the case, heretofore while occupying the office of governor, I do not regard the objection as of sufficient weight or merit to require an expression of views on the subject from me at this time. My duty to participate in the proceedings taken I regard as imperative in the discharge of obligations imposed, and the right so to do beyond reasonable doubt.

NORVAL, C. J., dissenting.

I dissent from the judgment just rendered. The state sued the Omaha National Bank and J. H. Millard in the district court of Douglas county to recover the sum of $201,884.05. There was a trial of the cause to a jury, who, in obedience to a peremptory instruction of the court, returned a verdict in favor of the defendants and the judgment entered thereon, on a petition in error prosecuted by the state, was reversed at the last term of this court, and the cause remanded to the trial court for further proceedings. *State v. Omaha Nat. Bank*, 59 Nebr.. 483. A mandate was issued, which contained no specific directions to the district court, but stated that the judgment below was reversed and the cause remanded for further proceedings, and commanded the court, "without delay, to proceed in said cause accordingly to law." This mandate was filed in the court below and entered of record therein, and subsequently the state withdrew its motion to dismiss without prejudice. Afterwards the defendants moved for judgment in their favor on the verdict of the jury theretofore returned in the case, which motion was sustained and judgment was accordingly rendered against the state. The attorney general has filed a motion in this court to recall its mandate and issue a

new one in the cause directing the district court to vacate the second judgment entered on the verdict of the jury and render a judgment for the state as prayed in its petition, or to grant a new trial of the cause in accordance with the opinion of Judge SULLIVAN filed at the time the judgment of reversal was entered. The attorney general has since filed an amendment to his said motion praying a peremptory writ of mandamus to the district court of Douglas county and to the Hon. Benjamin S. Baker, one of the judges thereof, who presided at the time the judgment assailed was rendered:

"1. Commanding the said court and said judge to set aside and hold for naught the judgment heretofore rendered in this cause by said court on the 13th day of March, 1900, and filed for record on the 19th day of March, 1900, and to set aside and hold for naught the order rendered on said 13th day of March, and filed on said 19th day of March, sustaining the motion of defendants for judgment on the verdict rendered at the first trial of this cause.

"2. Commanding the said court and the said judge to enter judgment in said cause for the state as prayed for in its petition in said cause, or

"3. Commanding the said court and the said judge to forthwith grant the plaintiff a new trial in said cause according to the principles of law enunciated in the opinion of Hon. John J. Sullivan, in this cause, or,

"4. Commanding the said court and the said judge to forthwith grant plaintiff a new trial of said cause according to law."

The motion to recall the mandate and to issue a new one should be denied for more than one reason. The judgment pronounced by this court in the cause at a former term merely reversed the decision of the district court and remanded the cause to that court for further proceedings, and the mandate issued conforms strictly to the judgment of reversal; and to now issue a new mandate containing specific directions to the court would be improper with-

out a modification of the judgment of reversal, which the
state has not asked, and moreover such modification at a
subsequent term of this court has no power to make, ex-
cept to correct clerical errors, and it is not alleged that
any such errors have crept into the record.    *Ex parte*
*Sibbald v. United States*, 12 Pet. [U. S.], 488.    Again, the
application for a peremptory writ of mandamus com-
·manding the district court to vacate .its last judgment,
alleged to have been entered in disregard of this court's
mandate, is a confession that a proper mandate has been
already issued, and is a waiver of the motion of the state
to recall the mandate heretofore issued in this cause.
One can not seek the enforcement of a writ, or judicial
process, and at the same time assail it as not being suffi-
ciently specific.    This is too plain to require argument
or the citation of authorities to sustain the proposition
stated.

The next question which confronts the court is whether
mandamus can be invoked for any one of the four pur-
poses sought by the state.    It is urged by the attorney
general that the effect of our judgment of reversal was to
grant a new trial, while counsel for the defendants insist
that the trial court was bound to proceed in the cause
from the point at which the first error was committed.
The general doctrine is that where a judgment is reversed
for some error committed by the trial court subsequent
to the verdict that further proceedings are to begin at
such point of error.    But the rule is otherwise where the
reversal is predicated upon errors occurring prior to the
verdict.    In such case a new trial of necessity must be
had, as the judgment of reversal wipes out and oblite-
rates the verdict, and there is no provision of statute for
the reconvening of the jury to retry the cause.    The evi-
dence must again be adduced before another jury, unless
one is waived by the parties.    The judgment or reversal
herein was concurred in by two members of this court,
the writer taking no part in the decision.    Chief Justice
HARRISON voted for a reversal on the sole ground that

the court below erred in not permitting the state to dismiss its action before verdict, while Judge SULLIVAN was of the opinion that there was prejudicial error in the instruction. The decision of the two members of the court was reached by different courses of reasoning, neither concurring in the ground of reversal adopted by the other, yet both of them united in holding that the judgment of the trial court should be reversed and the cause remanded for further proceedings. Under the constitution of this state it requires a majority of the members of this court to pronounce a decision, therefore it is clear that the views of neither Chief Justice HARRISON nor Justice SULLIVAN expressed in their separate opinions filed herein can be regarded as the law of the case; but it does not follow from this that the judgment or decision of the trial court was affirmed, as argued by counsel for defendants. On the contrary, the judgment of that court by the united decision of two members of this court was in express terms reversed, although each predicated a reversal upon a different point of law. The judgment having been reversed generally and the cause remanded without any direction as to the future proceedings to be taken or had therein, the verdict was thereby as completely obliterated and wiped out as though the judgment of reversal and the mandate issued thereon had in express terms so specified. *Phelan v. City of San Francisco*, 9 Cal., 15; *Davis v. Headley*, 22 N. J. Eq., 115; *Updike v. Parker*, 11 Ill. App., 356. Had the cause been reversed and remanded with specific directions, *Beals v. Western Union Telegraph Co.*, 53 Nebr., 601, would be applicable. The conclusion is, therefore, irresistible that the defendants had no right to a judgment on the verdict which this court had in effect vacated and annulled, and furthermore that the plaintiff was not entitled to judgment, without trial, in accordance with the prayer of its petition. The state can not insist upon a retrial of the case in accordance with the views enunciated by Judge SULLIVAN in his opinion, since they were not concurred in by any

other member of the court. As it would be mere *dicta* to express an opinion at this time as to the law which should govern the district court in the future progress of the cause, I refrain from doing so.

That the district court erred in rendering judgment on the verdict after the filing of the mandate for the purposes of this case is conceded. The proposition is therefore presented whether the state is entitled to relief by the extraordinary writ of mandamus. It is not necessary to look to the decisions of other states in deciding the present question of practice, since abundant authority upon that subject is nearer at hand. That the district court erred in rendering a judgment in favor of the defendants upon the verdict and in refusing the state a new trial is granted, yet mandamus is not the appropriate procedure to right the wrong. The judgment on the discredited verdict was reviewable on petition in error. Code of Civil Procedure, sec. 584. Therefore a plain, complete and adequate relief at law was open to the state by appellate proceedings, and mandamus will not lie.

Section 646 of the Code of Civil Procedure, relative to proceedings upon mandamus, declares: "This writ may not be issued in any case where there is a plain and adequate remedy in the ordinary course of law." This is the command of the legislature, and the statute has frequently been applied by this court. Mandamus is not a proceeding to correct errors, and can not be invoked in any case where the statute has provided a plain and adequate remedy at law. *State v. Nemaha County*, 10 Nebr., 32; *State v. Powell*, 10 Nebr., 48; *State v. Kinkaid*, 23 Nebr., 641; *State v. Mayor of Omaha*, 14 Nebr., 265; *McGee v. State*, 32 Nebr., 149; *State v. Cotton*, 33 Nebr., 560; *State v. Churchill*, 37 Nebr., 702; *State v. Laflin*, 40 Nebr., 441; *State v. Merrell*, 43 Nebr., 575; *State v. Piper*, 50 Nebr., 25; *Nebraska Telephone Company v. State*, 55 Nebr., 627. In the case last cited, it was said, p. 633: "It is a familiar principle that a litigant will not be permitted to invoke

the extraordinary remedy of mandamus where an express statute affords him an adequate remedy for the redress of the grievance of which he complains." In line with our own decisions is the following statement of the doctrine taken from 13 Ency. Pl. & Pr., 530: "Mandamus will not lie when there is a remedy by appeal or writ of error; that is, it will not take the place of an appeal or writ of error, and is not the proper remedy to be resorted to to compel an inferior court or judicial tribunal to reverse a decision already made; and the writ does not lie to reverse judicial action. The relator must show that he can not appeal, to make out a right to a mandamus."

But it is urged that mandamus will lie to compel an inferior court to obey the mandate of an appellate court. This course has been followed by some courts when the mandate alone—or when construed in the light of the opinion filed in the case wherein the mandate issued—in specific terms orders or directs the trial court to proceed in a certain way and it has refused so to do; but we do not know of a single case where mandamus has been granted to compel obedience to a mandate where neither it nor the decision contains specific instructions or directions to the trial court. In the case at bar the mandate directed the district court merely to proceed in the cause "according to law." It was left to the trial court to determine for itself, in the first instance, what steps were lawful, and if it erred in its decision it could be corrected by this court in the proper appellate proceeding. If the district court should deny either party a trial by jury, that would not be proceeding in the cause "according to law," yet that court could not be compelled by mandamus to retrace its steps. Again, should the district court upon a trial of the cause to a jury give an erroneous instruction, it would fail to proceed "according to law," yet mandamus would not be the appropriate remedy. So the entry of the second judgment on the verdict which had been annulled by the judgment of this court was not in accordance with law, nevertheless mandamus is no

more the appropriate remedy to set aside such judgment than in the cases we have mentioned. The authorities relied upon to sustain the position of the majority are readily distinguishable.

In *Perkins v. Fourniquet,* 14 How. [U. S.], 328; it appears that an appeal was prosecuted from the circuit court of the United States for the southern district of Mississippi to the United States supreme court, and the decree of the circuit court was affirmed, with costs and damages at the rate of six per cent per annum. A mandate issued to the circuit court, reciting the judgment of affirmance, and directing it to be carried into execution. After the filing of the mandate in the circuit court an execution was issued commanding the marshal to levy the amount of the original judgment in the circuit court, with interest at eight per cent, and damages at the rate of six per cent in addition. The amount of the decree, with interest at six per cent, was paid the marshal, and an application was made to the circuit court to order the satisfaction of the decree, or to quash the execution in the hands of the marshal, which application the court denied; and from this order an appeal was prosecuted from the circuit court to the supreme court of the United States. This order of the circuit court was reversed, and a mandate issued, directing the lower court to enter the decree satisfied. Thus it will be seen that the mandate contained a specific direction to the trial court, and left nothing for its discretion, but directed it to carry into execution the decree of the supreme court, which was recited in the mandate. Whether a mandamus would lie in such a case was not involved; the question of the disregarding of the mandate was reviewed in an appellate proceeding.

In re *Washington & Georgetown R. Co.,* 140 U. S., 91, was a mandamus to the supreme court of the District of Columbia commanding it to vacate a judgment, so far as it related to interest, and to enter a judgment on the mandate of the United States supreme court in accord-

ance with the terms thereof, and without interest. In that case a writ of mandamus was properly granted, since the mandate contained a specific direction to an inferior court to enter a certain judgment, and left nothing to its discretion.

*In re City National Bank*, 153 U. S., 246, was an application for mandamus directing the circuit court of the United States for the northern district of Texas to vacate or modify its decree entered upon the mandate of the supreme court of the United States on the disposition of an appeal from the lower court. The writ was denied, on the ground that the mandate had not been disregarded, as it contained no specific direction to the lower court as to the manner in which it should proceed.

In *Mason v. Pewabic Mining Co.*, 153 U. S., 361, the question as to whether a mandamus would lie to an inferior court to compel the enforcement of a mandate of the appellate court was not involved nor decided, it being held in that case that an appeal was an appropriate remedy.

In *In re Sanford Fork & Tool Co.*, 160 U. S., 247, the supreme court of the United States denied a motion for a writ of mandamus, for the reason that the circuit court had not, in the opinion of the supreme court, disobeyed any of the commands of the mandate in that case issued on a former appeal. It was properly held that no question once considered and decided by that court could be re-examined at any subsequent stage of the same case. It was further ruled that if the circuit court should mistake or misconstrue the decree of the supreme court, or should not give full effect to the mandate, its action could be controlled, either upon a new appeal, or by writ of mandamus to execute the mandate of the supreme court; but that the circuit court could consider and decide any matter left open by the mandate of the supreme court; and its decision in such matters could be reviewed by a new appeal only. For the reasons stated the writ should be denied.