STATE OF NEBRASKA, APPELLANT, V. SEVERAL PARCELS OF
LAND ET AL. (CONNELL), APPELLEES.*

FILED NOVEMBER 6, 1908.    No. 15,562.

1. **Taxation:** INTEREST. Taxes were levied upon real estate for the
years 1892, 1893 and 1894 upon a valuation of $5,200. In 1896, in
a suit then pending to enjoin the collection of the taxes upon
the ground that the assessment and valuation of the property was
grossly excessive, the court found that a just and equitable valuation
was $5,000, and directed the county treasurer to correct the
tax lists for said years and extend and collect taxes upon such
basis. *Held*, That, assuming that the court had jurisdiction and
authority to render such decree, and that the decree was effective
to cancel the taxes on the valuation in excess of $5,000, the taxes
upon the valuation so decreed were not rendered void, and that
they drew interest to the same extent as they would have done
had no suit been brought.

2. ———: ———: TENDER. The presentation of a certified copy of
such decree to the county treasurer, with demand that he correct
the tax lists so as to conform to said decree in order that the
taxpayer might know the amount of taxes to be paid, followed by
the statement of the treasurer that he would consult the county
attorney upon the subject, with no further inquiry or demand
by such taxpayer, *held* not to be such a tender or offer by the
taxpayer as would arrest the running of interest.

APPEAL from the district court for Douglas county:
HOWARD KENNEDY, JUDGE. *Reversed.*

*Edward W. Simeral,* for appellant.

*W. H. Herdman,* contra.

REESE, J.

This action was commenced in the district court for
Douglas county under the provisions of the so-called
"Scavenger Act," for the collection of the delinquent taxes
for the years 1892, 1893 and 1894 upon a tract of land in

---

* Judgment modified so as to require defendant Connell to pay interest and penalties on the taxes involved from February 14, 1896, the date of the "Powell" decree.

said county described as the west 52 acres of the east 78 acres of the south-west quarter of section 7, in township 15, range 13. It was alleged in the petition that the taxes for 1892 upon said land were $249.34; interest $284.66— total, $534: For the year 1893, $225.52; interest, $234.92 —total, $460.44: For the year 1894, $245.62; interest, $231.29—total, $476.91. Making a total of $1,471.35 due for the three years. The defendants Connell and Omaha Country Club answered, alleging that at the time of and subsequent to the levy of the taxes for the years named the said Connell was the owner of the property, and that he had later conveyed the same to the defendant, the Omaha Country Club, by warranty deed containing covenants against incumbrances, and that the said club is now the owner thereof; that the basis of the levy of the said taxes for each of said years was a valuation and assessment at $5,200; that the total levy for county purposes (exclusive of the sinking fund) was in excess of the rate of $1.50 upon each $100, the maximum allowed by law, the total levy being 15.2 mills, and that by reason thereof the levy for county purposes for said years was and is null and void; that at the time of the commencement of this suit there were no valid taxes against said land, for the reason that in a suit commenced by the defendant Connell in the district court for Douglas county on the 25th day of February, 1893, and upon an amended petition thereafter filed, it was on the 14th day of February, 1896, finally decided that a fair and just valuation of said property for each of said years was and should have been $5,000, and by said decree the valuation was so fixed, and the county treasurer was ordered and directed to change the valuation and levies upon the tax lists for said years to correspond with said decree; that soon after the rendition of said decree the defendant Connell procured a certified copy thereof, and presented the same to the county treasurer, and demanded that the treasurer comply with said decree by correcting the valuation and carrying forward the taxes due upon said land upon the basis fixed

by the decree; that the treasurer neglected and failed so to do until after the commencement of this suit, and a short time before the filing of the answer, and therefore at the time of the commencement of the suit there were no valid or legal taxes against said land; that the valuation of $5,200 for said years as the basis of the levy of taxes was excessive and unjust; that no notice of the equalization of values was ever published or made, nor was a board of equalization held during any of said years in the manner and for the time and at the place required by law; that the defendant Connell had been at all times since the rendition of said decree, and still was, willing, ready and able to pay the said taxes upon the basis of said decree, but by the failure of the treasurer to discharge the duties thereby imposed he had been unable to pay taxes or any part thereof; that said decree was and is in full force and effect, never having been reversed, vacated or set aside, and that by virtue of its provisions and the failure of the treasurer to comply with its requirements the said taxes were wholly canceled, and were null and void at the time of the commencement of the action. A copy of the decree is attached to the answer as an exhibit. This amended answer was filed on September 19, 1907. On the same day an amended reply was filed. As appears by the record, the trial was then in progress. In the light of the trial, the decree, and the briefs and arguments of both parties on this appeal, we find it quite difficult to understand the pleadings. Referring again to the answer, we find that it is divided into numbered paragraphs, which are substantially as follows: (1) That Connell was the former owner of the land and had conveyed it by warranty deed to the Omaha Country Club; (2) that said club is a corporation; (3) that the tract of land involved in the suit is described as the east 78 acres of the quarter section above described; (4) that the taxes and interest as set out in the petition are as herein above copied, with the addition of $1 docket fee; (5) that the taxes for said years and each thereof for state, county and school district purposes

were levied and assessed on the basis of a valuation of $5,200; (6) that the regular county taxes for the year 1892 were null and void for the reason that the percentage of the levy was in excess of the $1.50 on a $100 valuation allowed by law, the levy being 15.2 mills; (7) "that by reason of the premises aforesaid the said levy for county purposes for said year was and is null and void"; (8) that at the time of the commencement of this suit there were no valid taxes against said land for said years or any thereof for the following reasons, setting out the proceedings of the injunction suit and decree as detailed above in this opinion. The amended reply (1) "admits the statement set forth in paragraphs Nos. 1, 2, 3, 4, 5, 6, 7, and that portion of the eighth paragraph" which includes the averments as to the decree above set out; (2) denies all averments not specifically admitted; and (3) "alleges that said defendants are estopped by the decree set forth in said answer as 'Exhibit A' from questioning the validity of the taxes for the years 1892, 1893 and 1894, or any part thereof." As these admissions, some of which would appear to be vital, are not referred to in any of the subsequent proceedings either in the district or supreme court, we must conclude that they were ignored, or disposed of in some way not shown by the record before us. A trial was had in the district court which resulted in a decree that the amount of taxes due, as deducible from the decree in the injunction suit, to wit, $691.01, together with interest thereon at the rate of 1 per cent. a month from the 1st day of July, 1907 (that being the date the treasurer entered the reduction of the taxes upon the tax list) were valid; and that the taxes over and above the $691.01, which amounted to $29.47, and all interest from the dates of May 1 in 1893, 1894, and 1895, to the first of July, 1907, were excessive, null and void, and decreeing a foreclosure for the taxes and interest found due. From this decree plaintiff appeals, alleging that the court erred in refusing to allow interest at the lawful rate from the date fixed by law for the accruing of interest upon unpaid taxes.

As the jurisdiction of the district court in the injunction proceedings seems never to have been questioned, and the efficacy of the decree rendered in that case to reduce the taxes from the basis of the valuation of $5,200 to $5,000, the decree operating alone upon the county treasurer, appears to be conceded, we will assume, without so deciding, that the decree in the injunction case was in all things legal and binding, and that the liability of defendants to pay taxes and interest must be measured thereby, and that the sole question for decision here is, from what date should interest begin to run on the amount of taxes as modified and found due by that decree. We think it may be safely assumed, as a matter of law, that the fact that the property was assessed at $200 more than it should have been would not render the whole tax void. That it was subject to review in a proper proceeding might be conceded, and yet the levy of taxes be valid. In other words that the effect of that decree was to reduce the valuation, and with it the tax, the former to the extent of $200 and the latter $29.47, and that, as thus reduced, the original levy of taxes would stand. 2 Cooley, Taxation (3d ed.), 1440, and cases cited; 27 Am. & Eng. Ency. Law (2d ed.), 719 *et seq.* In *State v. Omaha Country Club,* 78 Neb. 178, we said: "As affecting the merits of the controversy involved in the scavenger suit, and the defense of the state to the claim of the defendants arising out of the decree of 1896, it is apparent from the face of the decree that the most that may be claimed for it, if anything, is that only such portion of the taxes as are levied on the valuation in excess of $5,000 are unenforceable by reason of the decree, and no facts are pleaded from which it could be inferred that any part of the taxes are void for any other reason." See, also, *Miller v. Hurford,* 13 Neb. 13. It may be observed that the most that can be claimed for the decree of 1896 is "that the taxes on the real estate in said petition and hereinafter described for the years 1892, 1893 and 1894, except as herein authorized, are excessive and void." (We quote from the decree.) And it is further

found, determined, adjudged and decreed "that for each of the years mentioned * * * the just, fair and equitable valuation * * * is $5,000"; that "it would be just and equitable that said real estate above described should be taxed on the valuations above set forth," and the county treasurer is directed to make correction on the tax lists, and that "thereupon such taxes, so carried forward, upon each and all of said tracts and pieces of land shall stand as a legal, valid and duly authorized and subsisting lien thereon"; that the treasurer and his successors in office are "authorized and required to accept and receive in satisfaction and payment of each of said liens the amount thereof, respectively, with lawful interest on such liens" and execute the proper receipt therefor, "and thereupon cancel said liens upon the books of his office" for the years designated. It is very clear that it was not the intention of the court to hold the whole tax void and make a relevy, for this it had no power to do, and the record clearly shows that it was not attempted. We therefore hold that the taxes which were allowed to stand were not affected by the decree, and that they will draw interest the same as if no suit had been brought; there having been no tender or offer to pay the just taxes before its commencement. *Western Union T. Co. v. State,* 64 N. H. 265.

It is stated in the answer that soon after the rendition of the decree the defendant presented a copy thereof to the treasurer, and demanded that the treasurer "comply with said decree by correcting the said valuations and carrying forward the amount of taxes due upon said land on the basis of said corrected assessed valuations," but that the treasurer failed and neglected to comply with the said decree until long after the commencement of this action. There is no averment that any tender was made, nor any specified amount offered. Assuming that the decree was binding upon the treasurer, all that was to be done or could have been done was to deduct the $200 from the assessed valuation and compute the tax on the $5,000 basis, add the interest imposed by law, and tender or offer

to pay the amount due. The testimony of Mr. Connell is that he made no actual tender; that he stated that "he wanted to fix it to pay the taxes on the property in controversy"; that he never made any actual tender of the taxes on this particular property. "I merely made the request that the decree be complied with so as to enable me to make the payment of the taxes which I could not do until that was done"—That he knew what the decree was. He further testified what was done was that the treasurer took the decree and said he would see the county attorney about it. There is no evidence that Mr. Connell ever returned to the treasurer's office to ascertain what the county attorney advised, nor what the treasurer had concluded to accept, nor that it was in Mr. Connell's mind to pay interest on the valid taxes from the date they accrued. When we remember that a great number of other tracts and parcels of land were included in said decree of the total value of $46,710, it becomes apparent that there was no such tender or offer made as would stop the running of interest.

It follows that the decree of the district court must be reversed and the cause remanded to that court, with directions to enter a decree of foreclosure for the taxes of 1892, $239.75, with interest as provided by law from the 1st day of May, 1893, and of 1893, $216.88, with like interest from the 1st day of May, 1894, and of 1894, $234.38, with like interest from the 1st day of May, 1895, to the 1st day of October, 1904, and with interest on the amount then due at the rate of 1 per cent. a month, and for costs of suit.

The judgment of the district court is reversed and the cause remanded for further proceedings in accordance with this opinion.

REVERSED.