THOMAS B. KERR ET AL., APPELLANTS, V. WILLIS P. MC-CREARY ET AL., APPELLEES.

FILED MAY 6, 1910. No. 16,596.

Appeal: REMAND: FINALITY OF JUDGMENT. Where, on appeal to this court, a case is decided upon the merits and a mandate issued to the district court commanding it to enter a specific judgment which will finally dispose of all the matters in controversy in said case, and the district court, in obedience to said mandate, enters a judgment in strict conformity therewith, such judgment is final and cannot be superseded or appealed from.

APPEAL from the district court for Adams county: HARRY S. DUNGAN, JUDGE. *Appeal dismissed.*

*R. A. Batty* and *H. F. Favinger,* for appellants.

*John C. Stevens* and *W. P. McCreary, contra.*

PER CURIAM.

This case was before us and heard and decided upon the merits April 24, 1909. *Kerr v. McCreary*, 84 Neb. 315. On January 6, 1910, we modified our judgment, and a mandate went down commanding the district court to modify its decree "so as to require the defendant Mary B. McCreary, as a condition of the relief granted to her, to pay to the plaintiffs the amount bid at the foreclosure sale, with simple interest thereon at 7 per cent. per annum from the date of said sale, except for the period during which the plaintiffs have had the possession of the property, and that she shall also pay plaintiffs the amounts they have paid for taxes on said property, with 10 per cent. simple interest thereon from the dates such payments were made." In obedience to that mandate, and in strict conformity therewith, the trial court, on February 10, 1910, denied the request of plaintiffs to include taxes which had been paid by their grantor prior to his conveyance of the land in controversy to plaintiffs, and entered the decree now complained of. This constituted a final disposition of the case, as commanded. On February 14, 1910, it having been made to appear to the district court that defendant Mary B. McCreary had complied with the decree of that court, entered upon the mandate, the court granted said defendant a writ of assistance to place her in possession of the property in controversy. On application of plaintiffs, the court allowed a supersedeas, and plaintiffs filed their appeal to this court. Defendant now moves that said supersedeas be vacated so as to permit the judgment of this court, as finally rendered and complied with by the district court, to become effective.

An examination of the record now before us shows that all of the matters which plaintiffs seek to review on this appeal were before the court and were decided by its former judgment, and that the decree entered by the district court is in strict compliance with the mandate from

this court. When the district court received the mandate of this court commanding specific action, it could not lawfully do other than obey the commands of said mandate. Its discretion was at an end. Having executed the mandate of this court in strict conformity with its terms, its action is not subject to review.

The motion of defendant for an order vacating the supersedeas granted by the district court is sustained; and, as this ruling upon the motion leaves nothing else which can be reviewed on the present appeal, the appeal should be, and it is,

DISMISSED.

SEDGWICK, J., not sitting.