STATE OF NEBRASKA ET AL., APPELLEES, v. SEVERAL PARCELS OF LAND (OMAHA COUNTRY CLUB), APPELLANT.

FILED JUNE 10, 1910. No. 16,624.

1. **Appeal: REMAND.** Where, on appeal to this court, a case is decided upon the merits and a mandate is issued to the district court commanding it to enter a specific judgment which will finally dispose of all the matters in controversy, the district court has no discretion, but must render a judgment in conformity with the mandate.

2. ———: ———: NOTICE. An objection that one of the defendants was not served with a notice of the appeal will not authorize the

district court to again consider the merits of the case or excuse it from complying strictly with the terms of the mandate.

APPEAL from the district court for Douglas county: HOWARD KENNEDY, JUDGE. *Affirmed.*

*W. H. Herdman* and *E. M. Morsman, Jr.,* for appellant.

*E. W. Simeral, contra.*

BARNES, J.

Appeal from a decree of the district court for Douglas county entered in conformity to a mandate of this court in what is commonly called a "scavenger tax" foreclosure proceeding.

It appears that one William J. Connell was the owner of the real estate upon which the delinquent taxes in question were assessed and levied, and thereafter sold the same to the Omaha Country Club. In the foreclosure suit Connell and the Country Club filed a joint answer to the petition, and the state replied. Upon the issues thus joined the district court on the 26th day of October, 1907, entered a decree by which it was declared that the amount of taxes due and delinquent on the premises in question was $692.01, with interest thereon from July 1, 1907, at the rate of 1 per cent. a month; that on the 18th day of January, 1908, the state filed a transcript of the proceedings in this court, and in order to perfect its appeal from said decree caused a notice thereof to be served on defendant Connell, but no such notice was served upon the country club, and no notice of plaintiff's intention to appeal was filed with the clerk of the district court as provided by section 3 of the act of 1907 (laws 1907, ch. 162), providing for appeals from judgments of the district court. The Country Club made no appearance in this court; but Connell, the former owner of the premises, who had conveyed the same to the Country Club with a warranty against incumbrances, entered his appearance, and all of the matters of defense set forth in the joint

answer above mentioned were litigated in this court. Upon the hearing the true amount of taxes due and delinquent upon the premises was found and decreed to be $2,007.45, with interest thereon at the rate of 1 per cent. a month from the date of said decree, and the land was ordered to be sold to satisfy the same. It was further ordered that the appellant should pay his own costs and the appellee should pay the costs he had incurred in this court. *State v. Several Parcels of Land* (Connell), 82 Neb. 570. In due time a mandate was issued to the district court commanding it to enter a decree in conformity to our judgment. When the mandate reached that court a motion was filed for a decree in conformity thereto, and it was objected that this court had no jurisdiction to render judgment on the appeal because no notice thereof had been served upon the Country Club. The district court overruled the objection and entered a decree as ordered by our mandate, and the Country Club has prosecuted this appeal. The state filed a motion to dismiss the proceeding, which was overruled *pro forma,* and the cause has been argued and submitted upon the appeal. The questions of notice and jurisdiction have been ably presented, both upon the oral argument and in the brief of counsel, but we do not deem it either necessary or proper to discuss them, because this appeal must be determined upon another question, as we shall presently see; and we feel that we ought to reserve our decision upon the matters above mentioned until such time as a case is presented in which our judgment will depend upon the construction of the statute relating to notice in perfecting appeals to this court.

As above stated, the judgment appealed from was entered by the district court in strict conformity to the mandate of this court, and we think the rule is now settled beyond controversy that the district court had no discretion in the matter, and could not have rendered any other decree than the one in question herein. *Oliver v. Lansing,* 51 Neb. 818; *State v. Dickinson,* 63 Neb. 869; *State*

*v. Thompson,* 69 Neb. 157; *State v. Omaha Nat. Bank,* 60 Neb. 235; *State v. Farrington,* 86 Neb. 653; *Kerr v. McCreary,* 86 Neb. 786. In *State v. Farrington, supra,* it was said: "Where a cause is reversed and remanded by this court, with a direction to the district court to enter a judgment as prayed for in the petition, the trial court has no discretion, but must render a judgment in conformity with the mandate." In *Kerr v. McCreary, supra,* we held: "Where, on appeal to this court, a case is decided upon the merits and a mandate issued to the district court commanding it to enter a specific judgment which will finally dispose of all the matters in controversy in said case, and the district court, in obedience to said mandate, enters a judgment in strict conformity therewith, such judgment is final and cannot be superseded or appealed from."

The case at bar falls squarely within the foregoing rule, which finally disposes of the matter of this appeal. Therefore, as above stated, we deem it neither necessary nor proper for us to determine the effect upon the Country Club of the state's failure to serve it with notice of the former appeal; and we reserve any decision upon that question until it shall be presented to us in some proper proceeding.

For the foregoing reason, the judgment of the district court is

AFFIRMED.

SEDGWICK, J., concurs in the conclusion.