WILLIAM ESSINGTON, Plaintiff in Error, *v.* THOMAS M. NEILL, Defendant in Error.

ERROR TO CLINTON.

In an action of trespass *quare clausum fregit*, the defendant justified under A. B. as his servant, and produced in evidence a tax deed to A. B. on a sale in 1846 for taxes of 1845, and tax receipts for seven successive years, and proved that A. B.'s wife had built a small house on the premises, and that she had commanded defendant to commit the trespass : Held,

1st. That the sale for taxes having been on a different day from that prescribed by statute, was void ; and that the deed derived under it, could not be set up as outstanding paramount title to defeat plaintiff's recovery, even if a license had been shown.

2d. That the law does not constitute the wife the agent of the husband, and in the absence of all proof, it could not be inferred, that she was authorized to take possession of the premises, or to give authority to remove and convert the property of another.

THIS was an action of trespass. The declaration was filed for March term, 1858, of the Clinton Circuit Court, against defendant, for committing divers trespasses upon the S. E. ¼, N. E. ¼ of section 9, T. 3, R. 2 West, in Clinton county, Ill.

Defendant filed four pleas :

1st. The general issue, upon which issue was joined.

2nd. *Liberum tenementum* in James Russell, for whom he, defendant, claimed to be the servant or agent, and therefore justified the trespasses.

3rd. That said James Russell had claim and color of title made in good faith for said land, and payment of taxes therefor, and actual possession thereof for seven successive years, prior to this suit, and therefore justified the trespasses.

4th. That said Russell had claim and color of title made in good faith, to wit: A deed deducible of record, etc., for said land, the same being vacant and unoccupied land, for seven successive years, etc., and that he had paid all taxes legally assessed thereon for said time, and justified the trespasses, etc.

Plaintiff filed seven replications, to wit:

1st. Denying the *liberum tenementum* in said James Russell.

2nd. Denying the possession of said land by said Russell under claim and color of title made in good faith for seven successive years, etc.

3rd. Denying payment of taxes upon said land by said Russell for seven successive years, under claim and color of title made in good faith, etc.

4th and 5th. Denying that said Neill was the agent or servant of said Russell.

6th. Denying that Russell had claim and color of title as alleged in defendant's fourth plea, etc.

7th. Alleges payment of taxes for said land for the years 1856 and 1857, by Gillespie and Sparks, from whom he, plaintiff, derives a better paper title, etc.

Upon all of which, issues were joined; trial by the court by consent, etc.

Plaintiff proved that defendant took and carried away and off said land, seven pieces of lumber belonging to plaintiff, which were valued at $3.50. Plaintiff also proved that he, plaintiff, built a frame house upon said land in February, 1858.

Plaintiff then offered in evidence a patent for said land in favor of William Lucas, and deeds from Lucas to Ferree, from Ferree to Gillespie and Sparks, and from Gillespie and Sparks to plaintiff.

Defendant proved that Mrs. James Russell, wife of said James Russell, had a shanty erected upon said land about two weeks before the house of plaintiff was built, and that James Russell was absent from the State, also, that he, defendant, was commanded by Mrs. Russell to take said lumber.

Defendant then offered in evidence the tax deed in this case, which was admitted.

Defendant then offered in evidence, tax receipts for the years 1849 to 1856 inclusive, paid by James Russell, which were admitted.

Plaintiff then offered in evidence, tax receipts for the taxes for said land for the years 1856 and 1857, paid by Gillespie and Sparks, from whom he, plaintiff, derives a better paper title, etc., which were rejected.

Plaintiff assigns errors:

1st. The court erred in admitting the paper claimed by defendant as a tax deed.

2nd. The court erred in admitting the tax receipt of 1849, as evidence offered by defendant.

3rd. The court erred in admitting tax receipts offered by defendant for the years 1850 to 1856 inclusive.

4th. The court erred in refusing to admit as evidence, tax receipts offered by plaintiff for the years 1856 and 1857.

5th. The court erred in giving judgment for defendant.

6th. The court erred in overruling plaintiff's motion for a new trial, etc.

KOERNER & SPARKS, for Plaintiff in Error.

W. H. AND J. B. UNDERWOOD, for Defendant in Error.

WALKER, J. This was an action of trespass *quare clausum fregit*, commenced by plaintiff against defendant in the Clinton Circuit Court. To the declaration filed in the case, the defendant plead the general issue; *liberum tenementum* in James Russell, under whom defendant justified as his servant; that Russell had claim and color of title made in good faith, and payment of taxes, and actual possession thereof for seven successive years prior to the commencement of this suit, and therefore the trespasses were justified; that Russell also had claim and color of title made in good faith, having a deed deducible of record, etc., for the land, the same being vacant and unoccupied for seven successive years, and that he had paid all taxes legally assessed thereon, and justified the trespasses. To each of these pleas there was a replication, and on them issues were formed to the country. The cause was tried by the court without the intervention of a jury, by consent. On the trial, the plaintiff proved that defendant took and carried away from the land, seven pieces of lumber, the property of plaintiff, which were worth $3.50, and that plaintiff, in February, 1858, built a frame house on the land. The plaintiff also deduced, by regular connected chain from the United States government, the title in the land to himself.

The defendant proved that the wife of James Russell had a small building of some kind erected upon the land, about two weeks before the house of plaintiff was built; that Russell was

absent at the time, and that defendant was commanded by the wife of Russell to take the lumber. Defendant read in evidence a tax deed on a sale in 1846, for the taxes of 1845, to James Russell, for the premises, and receipts for the taxes on the same, for the years 1849 to 1856 inclusive. The plaintiff then offered to read receipts for taxes on the land for the years 1856 and 1857, paid by A. J. Gillespie and J. Sparks, the persons of whom he derived title, which the court rejected. The court upon this evidence, found for, and rendered a judgment in favor of the defendant.

It was not contended, nor could it be, that the tax deed read in evidence by defendant, was paramount title. To have made it such, there must have been a compliance with the essential requirements of the revenue laws, authorizing sales for taxes. In this case, the deed on its face shows that the judgment under which this sale was made, was rendered at the Spring term, 1846, of the Clinton Circuit Court, and that the sale of this land was made on the 29th day of September, 1846, under a precept issued on the day previous. The 47th section of the revenue law of 1845, p. 13, requires the notice to be given for, and the sale to be made, on the fourth Tuesday next succeeding the day, fixed by law, for the commencement of the term of the Circuit Court, at which he shall apply for a judgment. The 46th section of the same act, requires the collector to apply at the first term of the Circuit Court in each year, for judgment against the delinquent list of lands for the taxes unpaid thereon. The law then in force, required the first term of the Clinton Circuit Court to be held on the first Monday of April in each year. This sale, then, was not on the fourth Tuesday next succeeding the day fixed for the commencement of the first term of the Clinton Circuit Court, but on a day several months after that time. And sales for taxes on a day different from that fixed by law, have been repeatedly held by this court to be void. *Hope* v. *Sawyer*, 14 Ill. R. 254; *Polk* v. *Hill*, 15 Ill. R. 131. If this sale was void, it could not be set up as outstanding paramount title to defeat plaintiff's recovery by a justification under it, even if a license had been shown.

But even if it were conceded that this tax title was all that is contended, and that it was color of title under the second section of the limitation law of 1839, and all taxes legally assessed upon the land had been paid under it for seven successive years, still the record fails to show that Russell had the possession of the premises. The evidence shows that his wife had caused a small building of some kind to be erected on the premises, but it wholly fails to show that she had any authority for so doing. The evidence fails to show that he had appointed

her his agent to take possession of this land, or for any other purpose. The law does not constitute the wife the agent of the husband, and in the absence of all proof, it cannot be inferred that she was authorized to take possession of these premises. The record also fails to show any authority in the wife, to give defendant power to remove and convert this property of plaintiff to Russell's or defendant's use. The defendant has therefore failed to show a justification for the acts complained of, and the court below erred in rendering judgment in his favor, and it should therefore be reversed, and the cause remanded.

*Judgment reversed.*