## John Seymour et al. v. O. S. Richardson Fueling Company.

### Gen. No. 11,992.

1. TRIAL DE NOVO—*when should be awarded.* Where the Supreme Court reverses and remands an action at law generally, the appellants are entitled to a new trial.

Attachment proceeding. Appeal from the Circuit Court of Cook County; the Hon. EDWARD P. VAIL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1904. Reversed and remanded. Opinion filed November 14, 1905.

KREMER & GREENFIELD, for appellants.

HUBERT E. PAGE and CHARLES B. ELDER, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

The facts in this case sufficiently appear in the opinion filed upon a former hearing reported in 103 Ill. App. 625. Upon appeal from the judgment entered by the Appellate Court in accordance with the views there expressed, the Supreme Court reversed that judgment, expressing "no opinion upon the merits of the controversy presented" by the record, but holding that the judgment of the Appellate Court was erroneous in affirming the judgment of the Circuit Court as to the three other defendants and reversing it as to Elwyn W. Seymour, who had been discharged in bankruptcy, that the judgment should have been against all or none. The cause was "remanded to the Circuit Court for further proceedings in accordance with the views herein expressed." Seymour v. Richardson Fueling Co., 205 Ill. 77–87.

The cause having been remanded came on for hearing in the Circuit Court, and on motion of appellee's attorneys that court entered an order discontinuing the cause as to said Elwyn W. Seymour. The death of one of the original defendants, Richard Seymour, since the first judgment was entered, having been suggested, judgment was again entered on the original verdict against the surviving defendants, John Seymour and Antoine E. Carter, over the objection of appellants, who moved to vacate the former verdict and for a new trial before a jury. That entry of judgment was erroneous. The original judgment having been reversed and the cause remanded generally, appellants were entitled to a new trial before a jury. The order reversing and remanding had the effect to set aside the former verdict of the jury, which was erroneous as to Elwyn Seymour, as well as the judgment rendered thereon. Such verdict could not, therefore, form the basis of a new judgment. *In re* Estate of Maher, 210 Ill. 160–165, it is held that where, as in the case at bar, the issues are not determined by the Supreme Court upon their merits, but the case is reversed and remanded with directions to proceed in conformity with the views expressed by the re-

viewing court, a retrial may be had. Here, the grounds of the reversal by the Supreme Court are such as might be obviated by subsequent amendment of the pleadings and permit the introduction of additional evidence. In such cases it is the duty of the trial court to permit the cause to be redocketed and to permit such amendments as ·may be proper, and the introduction of new evidence, as when heard for the first time. Unless the reversible error occurs after verdict it is "only when the merits of the controversy and the ultimate rights of the parties are decided in a court of review, that a reversal and remandment will deprive the court below of the right to allow amendments to the pleadings and hear evidence." Aurora & Geneva Ry. Co. v. Harvey, 178 Ill. 477–484. In the present case the plaintiff obtained leave to amend the pleadings, but subsequently withdrew the amendment and obtained an order discontinuing as to Elwyn Seymour, one of the defendants. That, however, was equivalent to an amendment of the pleadings and had substantially the same effect. Cases in point are Wenham v. International Packing Co., 213 Ill. 397–401; Rush v. Rush, 170 Ill. 623–627. See, also, Palmer v. Woods, 149 Ill. 146–151; Perry v. Burton, 126 Ill. 599–600.

In Updike v. Parker, 11 Ill. App. 356, the cause was reversed and remanded, as in the case at bar, without special directions, but for "another hearing and further proceedings consistent with the opinion," and it was said that "the case stood for another·trial precisely as though it had never been heard, but with the rules of law determined as far as applicable to the facts there appearing."

The Supreme Court having avoided expressing any opinion upon the merits, and having reversed and remanded the cause to the Circuit Court for error in law, which error preceded and affected the verdict, appellants were entitled to a new trial. This conclusion makes it unnecessary to consider other questions presented, which may not hereafter arise in the same form.

The judgment of the Circuit Court must be reversed and the cause remanded.

*Reversed and remanded.*