WILSON W. THURSTON *et al.* Defendants in Error, *vs.* ELMER TUBBS, Plaintiff in Error.

*Opinion filed June 20, 1911.*

APPEALS AND ERRORS—*the record should show affirmatively that guardian ad litem was appointed for minor.* A decree rendered in accordance with the prayer of a bill to cancel, as a cloud on complainants' title, an alleged misdescription of land in a will must be reversed where the record fails to show affirmatively the appointment of a guardian *ad litem* for a certain minor, to whom the will devises the remainder in fee in the lands covered·by the description sought to be corrected, his claim being, therefore, directly adverse to the claim of complainants.

WRIT OF ERROR to the Circuit Court of Marion county; the Hon. A. M. ROSE, Judge, presiding.

WILLIAM G. WILSON, and SAMUEL N. FINN, for plaintiff in error.

E. D. TELFORD, for defendants in error.

Mr. JUSTICE VICKERS delivered the opinion of the court:

· Wilson W. Thurston and Daisy V. Thurston filed a bill in equity in the circuit court of Marion county to quiet their title to certain lands therein described, and praying that an alleged misdescription contained in the second paragraph of the last will and testament of Vickerman Rob-

inson be declared a cloud upon complainants' title and as such removed therefrom. Elmer Tubbs was made the sole defendant to the bill and filed an answer thereto, signed by himself, "by W. G. Wilson, solicitor for defendant." The cause was heard upon evidence reported by the master in chancery and other evidence heard in open court, and a decree was rendered in accordance with the prayer of the bill. To reverse this decree Elmer Tubbs has sued out this writ of error, and the record has been brought to this court for review.

We are of the opinion that there is an error in this record which requires a reversal of the decree below without regard to the real merits of the controversy. It appears both from the bill and answer that plaintiff in error is a minor under the age of twenty-one years. He was regularly served with summons and appeared by attorney and answered the bill. There was no prayer in the bill for the appointment of a guardian *ad litem* and none was appointed. The minor was directly interested in the subject matter of the action, as will appear from the following statement of the facts: Vickerman Robinson, a widower of advanced years, residing in Marion county, was in his lifetime the owner of a farm of 280 acres. He had seven children. In 1896 he made deeds purporting to convey 40 acres of land to each of his said children. These deeds were properly executed and left in the hands of William Jones, a notary public, who had prepared said deeds, with instructions from the grantor "to keep them until after the death of the grantor and then deliver them to the parties named as grantees." A few years afterwards Vickerman Robinson married. In 1900 he executed a will, by which he gave his wife a life estate in the south-east quarter of the north-east quarter of section 35, township 3, range 3, east, with remainder in fee to Elmer Tubbs, a son of Florence May Tubbs and grandson of the testator. The south half of the above described 40 acres was in-

cluded in a deed made by the testator to his son, Clarence Robinson, and the north half thereof was in the deed made to his daughter, Daisy, now Daisy Thurston. Clarence Robinson conveyed the south half of said 40 acres to Wilson W. Thurston, husband of Daisy Thurston, who were complainants below and are defendants in error here.

It will thus be seen that plaintiff in error claimed to be the owner in fee, subject to the life estate of the widow of the testator, of the south-east quarter of the north-east quarter of section 35, while defendants in error claim the same lands under the deeds executed by Vickerman Robinson. Questions arising out of these conflicting claims of title were decided by the court below and have been argued in this court.

Since the failure of the court to appoint a guardian *ad litem* for plaintiff in error to represent him and protect his rights in the premises requires a reversal of the decree, we do not deem it proper to express any opinion upon any question relating to the merits of this case until plaintiff in error has had an opportunity to be heard by a guardian *ad litem* appointed by the court to properly protect his interests. The record should affirmatively show that a guardian *ad litem* was appointed to appear and answer for infant parties, otherwise the judgment or decree will be reversed on error or appeal. 22 Cyc. 636; *Essington* v. *Neill*, 21 Ill. 139; *Rhoads* v. *Rhoads*, 43 id. 239; *Hall* v. *Davis*, 44 id. 494; *Roodhouse* v. *Roodhouse*, 132 id. 360; *Ames* v. *Ames*, 151 id. 280; *Phillips* v. *Phillips*, 185 id. 629; *Binns* v. *LaForge*, 191 id. 598; *White* v. *Kilmartin*, 205 id. 525.

For the error of the court in proceeding to hear said cause and rendering a final decree therein against the minor defendant without the appointment of a guardian *ad litem,* the decree of the circuit court is reversed and the cause remanded.          *Reversed and remanded.*