Theodore H. Schrader et al., Appellees, v. Emma Schrader et al., Appellants.

Heard in this court at the February term, 1935. ▮ Opinion filed June 8, 1935.

J. FRED GILSTER, of Chester, for appellants.

E. H. WEGENER, of Chester, for appellees.

MR. PRESIDING JUSTICE EDWARDS delivered the opinion of the court.

In March, 1928, Julius Schrader, a resident of Randolph county, departed this life, leaving certain real

estate in Shiloh Hill in said county. He left a last will, which gave a life estate in all his property to his widow, Sophia Schrader, and then, after certain bequests, the remainder in fee, in equal shares, to the heirs of his children E. J. Schrader, Otillie Brelge, Oscar H. Schrader and Theodore H. Schrader. The widow died on August 15, 1932, and one son, Oscar H. Schrader, also passed away after the death of his father, leaving him surviving his widow, Emma Schrader, and his two infant children, Bernice Schrader and Viola Schrader, as his only heirs at law.

In 1932 said Theodore H. Schrader, Otillie Brelge and Ed J. Schrader, appellees, instituted a suit to partition the real estate of Julius Schrader, deceased, making as parties defendant, Emma Schrader, widow of Oscar H. Schrader, deceased, both individually and as administratrix of his estate, and his said minor children.

The bill, in addition to the usual averments as to the real estate and to its partition, also set forth that Oscar H. Schrader had executed to his mother a note, upon which some $1,700 remained unpaid, which note the mother had indorsed and delivered to appellee, Theodore H. Schrader, who had filed the same against the estate of his deceased brother. No further allegations were made respecting the note, except that the parties to the suit had certain interests therein, and no specific relief was prayed in relation to it. Defendants answered the bill by general denial that the interests of the parties were correctly set forth therein. Appellees took leave to file an amended bill, which they later did by redrafting the original bill, but omitting any reference to the Oscar H. Schrader note.

Between the time when leave had been granted to file such amended bill, and its actual filing, appellants filed their cross-bill setting up that Oscar H. Schrader had executed a chattel mortgage in favor of Theodore

H. Schrader, who had foreclosed thereon, following the death of the former, and made sale of the goods secured thereby, but had wholly failed to make report in writing of such sale to any of the appellants, as required by the statute, and praying that Theodore H. Schrader be ordered to pay the administratrix of the Oscar H. Schrader estate the amount realized from such sale; that same be decreed to be a lien upon the chattels, and also upon the interest of said Theodore H. Schrader in the real estate in question, and that in default of payment thereof, that such property be sold and the proceeds brought into court to abide its orders.

A demurrer was filed to the cross-bill, which the court sustained. Appellants electing to stand by their cross-bill, appellees had a decree granting the relief sought in the amended bill of complaint, and this appeal is prosecuted therefrom.

Appellees' contention is that the cross-bill raised a claim which was not germane to the cause of action set forth in the original and amended bills of complaint, while appellants assert that by averring in the original bill the facts concerning the note of Oscar H. Schrader, the way was thereby opened for them to file their counterclaim by way of cross-bill.

That the allegations concerning said note had no proper place in the original bill, will not be disputed. No specific aid was asked for in regard to it, nor could the court properly have decreed any, under the general prayer for relief, even though the defect was not challenged, for the all sufficient reason that two of the appellants were minors who could consent to nothing, and who were powerless to waive any defenses in their favor. It was the obligation of their guardian *ad litem* to fully protect their every interest, in the pursuit of which, duty required him to urge every defense in their behalf. *Stunz v. Stunz,* 131 Ill. 210; *Cartwright v. Wise,* 14 Ill. 417. If the guardian *ad litem* proved

remiss in this respect, it would have been incumbent upon the court, of its own motion, to intervene and protect the rights of the infant defendants. *Mason v. Truitt*, 257 Ill. 18; *Stark v. Brown*, 101 Ill. 395. There could have been no legal award in favor of appellees, respecting the matter of the note of Oscar H. Schrader, against the infant appellants, and, at least as to them, the averments concerning it were immaterial and called for no answer. Whitehouse Eq. Pr., sec. 266; *Costello v. Tasker*, 227 Mass. 520, 116 N. E. 573.

In *Patterson v. Northern Trust Co.*, 231 Ill. 22, the rule was stated to be: "Matters in the cross-bill must be germane to the matter involved in the original bill. The new facts which it is proper for the defendant to introduce thereby are such, and such only, as are necessary for the court to have before it in deciding the questions raised in the original suit, to enable it to do full and complete justice to all the parties before it in respect to the cause of action on which complainant rests his right to aid or relief."

The charge of the cross-bill is that of a legal demand, given by the statute under par. 28, Cahill's Rev. St. ch. 95, as a penalty for failure to comply with the statute in the foreclosure of a chattel mortgage—a subject which is wholly unrelated to the partition of the real estate sought in the original and amended bills, and not called for by anything in the original bill respecting the division of the real estate. It was a cause of action properly cognizable in a court of law, where there existed a complete remedy for the wrong. A jury trial was the right of either party, to determine the questions of fact involved. In such situation, unless there be alleged some special ground of equity jurisdiction, the parties will be relegated to their remedy at law, and equity will not interfere. *Fuller v. Davis' Sons*, 184 Ill. 505, 513.

A cross-bill is akin to the original bill when, and only when, the cross complainants cannot otherwise obtain the aid which they thereby seek, and where the cross complaint will, if it be sustained, preclude the relief which the complainant seeks by his bill. *Hutson v. Wood,* 263 Ill. 376.

Tested by the rule last cited, the cross-bill of the instant case is not germane to the original complaint. The cross complainants have a full and adequate remedy at law; moreover, even if their cross-bill were sustained, it would in nowise prevent the court from adjudicating upon the partition of the real estate in question.

We think the demurrer to the cross-bill was properly sustained, and the decree should be affirmed.

*Decree affirmed.*