Katie Kroot, Appellant, v. Liberty Bank of Chicago, Trustee et al., Appellees.  Rose Kroot and Lenora Kroot, Appellants.

Gen. No. 41,173.

BURKE, J., dissenting.

Opinion filed November 20, 1940. Rehearing denied December 11, 1940.

IRVING S. ABRAMS, of Chicago, for certain appellant.

WILLIAM M. ZIPPERMAN, of Chicago, for certain other appellants.

H. J. ROSENBERG and DAVID JETZINGER, both of Chicago, for appellees.

MR. JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

An action for partition of certain real estate and an accounting of the income therefrom was filed by Katie Kroot, appellant herein, against the Liberty Bank of Chicago, as trustee under trust No. 1063, owner of an undivided one-third interest, and Rose Kroot, Lenora Kroot and Bernard Kroot, owners of an undivided three-eighteenths, subject to the dower of the plaintiff in said three-eighteenths. It is alleged that the premises which they sought to have partitioned were incumbered by a trust deed, securing a bond issue, aggregating $45,000, which trust deed and bonds were signed by plaintiff and by Morris Kroot. It was alleged that all of said bonds had been owned by Kroot at the time of his death, and that plaintiff, as administratrix, is now the owner thereof and that the bonds are a first lien on the premises.

When the matter was at issue it was referred to a master in chancery who filed an original and a supplemental report and thereafter the court entered a decree finding that Katie Kroot is the owner of an undivided ten eighteenths, the Liberty Bank of Chicago, as trustee under trust No. 1063, is the owner of an undivided six eighteenths, and Lenora Kroot, Rose Kroot and Bernard Kroot are the owners of two eighteenths, and that the trust deed and the bonds se-

cured by said trust deed, executed by Morris Kroot and Katie Kroot, his wife, are void and are not a lien upon said premises; "that the said Morris Kroot, deceased, and the plaintiff since his death," have been in exclusive possession of the premises sought to be partitioned and are chargeable with a reasonable rental value for the use of said premises, from which decree the plaintiff prays this appeal.

There is no dispute as to the pleadings except as to the minor.

Plaintiff's theory of the case is that prior to 1930, Morris Kroot was part owner of the premises and had a right to invest his own funds in making the mortgage on the premises in which he was a part owner instead of selling the bonds to the public; that this new mortgage was made with the full knowledge and consent of the beneficiary under the trust, whether he be Hyman L. Cohen or Jack M. Kogen, his son, and that the defendants are estopped from attacking the validity of the bonds and trust deed after acquiescing to same for a period of eight years and after the death of Morris Kroot, who was the owner of the bonds and the trust deed securing same; that at the time Morris Kroot and Katie Kroot, his wife, the plaintiff herein, executed the bonds and new trust deed securing said bonds, the said Morris Kroot was not the owner of the premises, although holding the record title, and that the Liberty Trust and Savings Bank, as trustee under trust No. 1537, upon order of the beneficiary of said trust, had conveyed an undivided six eighteenths to him for the sole purpose of enabling him to execute the bonds and trust deed as record title holder of the premises, and that said trust deed and bonds secured thereby aggregating $45,000, are a valid and subsisting first lien against the premises.

By her complaint plaintiff offered to account for the receipts and disbursements with reference to the operation of the garage.

No evidence was introduced before the master with reference to operation of the garage and the decree should have reserved this question for the accounting.

Defendants in setting forth their theory of the case, present the following points:

"1. The bonds and trust deed, having never actually been delivered by Kroot to any person, never became legally effective.

"2. Defendants were induced to participate in the making of the trust deed and bonds through false and fraudulent representations made by Kroot, through whom plaintiff claims to derive title to said bonds; and his conduct was so unconscionable that in equity plaintiff should be limited to relief through enforcement of her right of contribution from defendants for advances, if any, actually made by Kroot with respect to the premises.

"3. The inequitable conduct of Kroot and of plaintiff, through her counsel, in falsely representing that the bonds were held by a bona fide purchaser and that foreclosure of the trust deed was only prevented through Kroot's influence, constituted a fraud, and the plaintiff should be barred from affirmative relief with respect thereto, and should be remitted to her right to contribution from defendants for advances, if any, actually made.

"4. That as between the parties, where no equities have arisen, the burden is on the person claiming to own bonds to establish the consideration therefor; that plaintiff in her pleadings and by her evidence has failed to show the amount of actual advances, if any, made by Kroot upon which she relies as such consideration, and in fact has failed to show that any prior encumbrances against the property were paid, or that they were paid by Kroot; that this failure of proof vitiates the bonds and trust deed and requires a determination that they are null and void and should

be cancelled and released, and plaintiff remitted to proof of actual advances to enable her to recover on an accounting.

"5. That Kroot as one co-owner stood in a fiduciary position to his co-tenants, and could make no profit or transaction relating to the joint property unless he fully disclosed all details thereof to his co-owners.

"6. That plaintiff and cross-plaintiffs will have full and complete remedy by contribution by defendants for actual advances made.

"7. That Kroot and plaintiff, having excluded defendants from management of the property, are chargeable with the reasonable rental value of the premises."

One of the parties defendant herein is Bernard Kroot, a minor, and on petition of plaintiff, Eugene Goodrich was appointed as guardian *ad litem* for said minor. Said Eugene Goodrich after having been appointed as said guardian *ad litem* filed his answer, which reads as follows:

"This defendant admits the allegations contained in said complaint for partition and joins in the prayer of partition and accounting as prayed for in said complaint." Said answer is verified by an affidavit of said guardian.

The appointment of a guardian ad litem is not a mere formality, and while such guardian is not warranted in interposing useless or vexatious defenses, it is his duty to understand the cause and make such defenses as are necessary to protect the apparently clear rights of the ward. *McCarthy v. Cain,* 301 Ill. 534.

Also, a guardian *ad litem* cannot admit anything against defendants by his answer. *Rhoads v. Rhoads,* 43 Ill. 239.

Guardian *ad litem* of minor parties was under obligation to fully protect their every interest and to urge every defense in their behalf, and, if he failed to do

so, it would have been incumbent on the court, on its own motion, to intervene to protect their rights. *Schrader v. Schrader,* 280 Ill. App. 561.

In the instant case, the plaintiff appellant and the minor, as well as the other parties, have adverse interests. The plaintiff made claim as a joint tenant to the real estate of her deceased husband, which, if true, eliminated the otherwise legal right of inheritance of the minor under the laws of descent. Further, the plaintiff claims the right of dower in all the real estate as wife of Morris, deceased, as against the interests of the minor. These are merely instances of the inconsistency of the position taken by the guardian ad litem, whose duty it is to protect the court's ward, but who, on the contrary, by his answer wrongfully agreed to the demands of the plaintiff. The master's report and the decree of the court both recited the fact that the findings therein are based, among other things, upon the answer of the guardian *ad litem.* It is the duty of the court to protect the rights and interests of a ward who is under disability, where such ward is involved in any legal proceeding before such court. Otherwise, the trial would be a mere farce in so far as the rights of the legally incompetent ward of the court is concerned. Because of his tender years, such ward is specially entitled to the court's protection.

In the instant case no one appears in this court as the guardian *ad litem,* so before proceeding further, it becomes the duty of this court to have a guardian *ad litem* appointed in order that proper action may be taken for the purpose of protecting the rights of the minor. The law requires that evidence must be introduced either for or against minors whose rights are to be considered. Therefore, it is essential that the proper pleadings be filed in the trial court and the evidence submitted in relation thereto after a guardian *ad litem* is appointed who will protect the interests of

the minor. *McDaniel v. Correll,* 19 Ill. 226; *Binns v. La Forge,* 191 Ill. 598; *Gibbs v. Andrews,* 299 Ill. 510; *Mechling v. Meyers,* 284 Ill. 484.

For the reasons herein given the decree of the circuit court is reversed and the cause is remanded with directions that a hearing be had after a guardian *ad litem* has been appointed who will file proper pleadings and proceed in harmony with this opinion.

*Decree reversed and cause remanded with directions.*

HEBEL, P. J., concurs.

MR. JUSTICE BURKE, dissenting: The decree is supported by the record and should be affirmed. The minor while a defendant, in reality had the same position in the litigation as the plaintiff, who is his mother. I agree that the action of the guardian *ad litem* was irregular. However, it is plain that the minor was fully protected and that his asserted rights were considered and ruled on. No useful purpose will be served by remanding the case. We now have all the available evidence and the case has been ably and thoroughly argued.