John T. Blincoe, Appellant, and Cross-Appellee, v. Curtis C. Miller, II, Appellee and Cross-Appellant.

**Gen. No. 11,048.**

Second District, First Division.
August 28, 1957.
Rehearing denied October 1, 1957.
Released for publication October 1, 1957.

Hinshaw, Culbertson, Moelmann & Hoban, of Chicago, and Willard E. Cain, of Wheaton (Leonel I. Hatch, Jr., of counsel) for plaintiff-appellant.

Wyatt Jacobs, of Jacobs, Miller, Rooney & Lederleitner, of Chicago (Joseph B. Lederleitner, of counsel) for defendant-appellee.

JUSTICE SPIVEY delivered the opinion of the court.

In 1953, John T. Blincoe as plaintiff (appellant and cross-appellee here) filed suit in the Circuit Court of DuPage county against Curtis C. Miller, Jr. as defendant (appellee and cross-appellant here) to recover damages. Defendant Miller's appearance was entered by his attorney and he filed an answer and counterclaim for damages arising out of the same occurrence.

Defendant replied to the counterclaim. On these issues, a trial by jury was had on November 15, 1954, resulting in verdicts finding both defendant and counter-defendant not guilty. After overruling post verdict motions, the court entered judgments on the verdicts.

The case was reviewed by this court on plaintiff's appeal and defendant's cross-appeal. John T. Blincoe v. Curtis C. Miller, Jr., 11 Ill.App.2d 247 (abstract). The record in that appeal disclosed that Miller was a minor and nowhere did it affirmatively show the appointment of a guardian ad litem for the minor, Miller. This court refused to review any of the errors urged for the reversal as to the merits assigned on the appeal or cross-appeal, but held "Under the authorities, the judgments are voidable and must be reversed." Citing, Collins v. Hastings, 283 Ill. 304; Thurston v. Tubbs, 250 Ill. 540; Kroot v. Liberty Bank of Chicago, 307 Ill. App. 209; Skaggs v. Industrial Commission, 371 Ill. 535.

This court in reversing the trial court said, "The judgment in favor of the defendant in response to the issues made by the original complaint and answer is reversed, as is also the judgment rendered in favor of the counter-defendant upon the issues made by the counterclaim and reply thereto and this cause is remanded to the Circuit Court of DuPage county, Illinois, for further proceedings not inconsistent with this opinion."

On July 9, 1956, this court issued its mandate to the Circuit Court of DuPage county, reversing and remanding the cause directly to the trial court. The mandate provided as follows:

"On this day came again the said parties, and the Court, having diligently examined and inspected as well the record and proceedings aforesaid, as the matters and things therein assigned for error, and being now sufficiently advised of and concerning the prem-

ises, are of the opinion that in the record and proceedings aforesaid, and in the rendition of the judgments aforesaid, there is manifest error.

"Therefore, it is considered and ordered by the Court, that for that error, and others in the record and proceedings aforesaid, the judgment in favor of the defendant in response to the issues made by the original complaint and answer is reversed, as is also the judgment rendered in favor of the counter-defendant upon the issues made by the counterclaim and reply thereto and this cause is remanded to the Circuit Court of DuPage County, Illinois, for further proceedings not inconsistent with the opinion of this Court filed herein.

"And it is further considered and ordered by the Court that the said appellant recover of and from the said appellee, his costs by him in this behalf expended, to be taxed and that he have execution therefore."

After the mandate was filed in the Circuit Court of DuPage county and the cause redocketed in that court, the defendant and counter-plaintiff on July 18, 1956, filed a motion for the appointment of a guardian ad litem nunc pro tunc as of November 15, 1954, which date was the first day of trial of this cause in the Circuit Court of DuPage county. After notice of the motion, the court entered a written order appointing Mrs. Curtis Miller guardian ad litem for defendant and counter-plaintiff Curtis C. Miller, Jr., nunc pro tunc as of November 15, 1954. In this order it was recited that it appeared to the court from the record that the court appointed Mrs. Curtis Miller guardian ad litem for the defendant and counter-plaintiff at the commencement of the trial on November 15, 1954, and that upon making such appointment, the court instructed counsel to prepare an order of appointment, that said order was not prepared and that the oral pronouncement appointing the guardian ad litem was

403

never otherwise reduced to writing or spread of record.

On October 9, 1956, the defendant and counterclaimant, Curtis C. Miller, Jr., filed his motion requesting the court pursuant to the mandate of the Appellate Court, to reinstate the judgment on the verdicts returned at the trial on the grounds that Curtis C. Miller, Jr., is now an adult and that he now ratifies and affirms all and each act done in the defense and trial of that cause, including the trial, verdicts, judgment, and appeal and his participation therein by counsel. In support of said motion there was attached thereto, the birth certificate showing that Curtis C. Miller, Jr., was born on June 16, 1935, and his affidavit of ratification and affirmation.

After notice and hearing the Circuit Court over the objections of plaintiff and counter-defendant entered its order that judgment be and is hereby reinstated and entered on the verdicts returned on the trial of that cause.

Plaintiff and counter-defendant (appellant) contend that the trial court was without power to reinstate the judgment and erred in so doing.

When this case was first here on appeal this court declined to pass upon the merits. The reversal was predicated solely on the grounds that the record failed to affirmatively show that the court had appointed a guardian ad litem for the defendant and counter-plaintiff, a minor.

In Kroot v. Liberty Bank of Chicago, 307 Ill. App. 209, relied upon by this court in that opinion it was said,

"In the instant case no one appears in this court as the guardian *ad litem,* so before proceeding further, it becomes the duty of the court to have a guardian *ad litem* appointed in order that proper action may be taken for the purpose of protecting the rights of the

404

minor . . . Therefore, it is essential that the proper pleadings be filed in the trial court and the evidence submitted in relation thereto after a guardian ad litem is appointed who will protect the interests on the minor. Citing cases."

This court in that opinion also cited Thurston v. Tubbs, 250 Ill. 540, wherein it was said,

". . . we do not deem it proper to express any opinion upon any question relating to the merits of this case until plaintiff in error has had an opportunity to be heard by a guardian ad litem appointed by the court to properly protect his interests."

In Skaggs v. Industrial Commission, 371 Ill. 535, also cited in that opinion, it was said,

"As the minors in this case were not represented either by guardian, guardian *ad litem,* or next friend, and since the lump sum award sought would involve the award made to them, it was error to proceed with the hearing without requiring such representation."

█ It is thus apparent that this court held that it was error to proceed with the trial until it appeared of record that a guardian ad litem had been appointed and that the guardian ad litem had filed suitable pleadings to protect the minor.

Our Supreme Court in announcing the powers of a trial court upon remandment said in People ex rel. Horberg v. Waite, 243 Ill. 156,

█ "If a judgment is reversed and the cause remanded the inferior tribunal can take only such further proceedings as conform to the judgment of the appellate tribunal, and if specific directions are given, nothing can be done except to carry out such directions. (Union Nat. Bank v. Hines, 187 Ill. 109) If no specific directions are given, it must be determined from the nature of the case what further proceedings would be proper and not inconsistent with the opinion. (3 Cyc. 486) It is not required that specific directions

405

shall be stated in an order reversing a judgment and remanding the cause, and it is the duty of the court to which the cause is remanded to examine the opinion and proceed in conformity with the views expressed in it. (Citing cases)"

To like effect, Roggenbuck v. Breuhaus, 330 Ill. 294, wherein the court went on to further say,

"When a judgment is reversed and the cause remanded with directions to proceed in conformity to the opinion then filed, and it appears from the opinion that the grounds of reversal are of a character to be obviated by subsequent amendment of the pleadings or the introduction of additional evidence, it is the duty of the trial court to permit the cause to be redocketed and then to permit amendments to be made and evidence to be introduced on the hearing just as if the cause was then being heard for the first time . . . The issues in the case now before us were not finally determined by the Appellate Court. No judgment could finally be rendered in conformity with the opinion of that court."

The court further went on to say,

"When a judgment or decree is reversed and the cause is remanded without specific directions, the judgment of the court below is entirely abrogated and the cause then stands in that court precisely as if no trial had occurred, and the court has the same power over the record as it had before its judgment or decree was rendered. (Aurora and Geneva Ry. Co. v. Harvey, supra.) In such case the parties are entitled to a new trial, and their rights in regard to a jury trial are the same as before the previous trial. If a judgment in an ordinary suit at law in which the parties are entitled to a jury trial is reversed for errors intervening prior to the entry of the judgment and the cause is remanded generally the parties are entitled to a trial de novo. (People v. Lord, 315 Ill. 603)"

In Seymour v. Richardson Fueling Co., 123 Ill. App. 401, a cause was "remanded to the Circuit Court for further proceedings in accordance with the views herein expressed."

The court said in that case,

"The original judgment having been reversed and the cause remanded generally, appellants were entitled to a new trial before a jury. The order reversing and remanding had the effect to set aside the former verdict of the jury, which was erroneous as to Elwyn Seymour, as well as the judgment rendered thereon. Such verdict could not, therefore, form the basis of a new judgment. In Re Estate of Maher, 210 Ill. 160–165, it is held that where, as in the case at bar, the issues are not determined by the Supreme Court upon their merits, but the case is reversed and remanded with directions to proceed in conformity with the views expressed by the reviewing court a retrial may be had. Here, the grounds of the reversal by the Supreme Court are such as might be obviated by subsequent amendment of the pleadings and permit the introduction of additional evidence. In such cases it is the duty of the trial court to permit the cause to be re-docketed and to permit such amendments as may be proper, and the introduction of new evidence, as when heard for the first time. Unless the reversible error occurs after verdict it is only when the merits of the controversy and the ultimate rights of the parties are decided in a court of review, that a reversal and remandment will deprive the court below of the right to allow amendments to the pleadings and hear evidence."

The court concluded,

"The Supreme Court having avoided expressing any opinion upon the merits, and having reversed and remanded the cause to the Circuit Court for error of law, which error proceeded and affected the verdict, appellants were entitled to a new trial."

In the instant case this court reversed the judgment and remanded the cause "for further proceedings not inconsistent with the opinion of this Court filed herein."

In looking to the opinion of this court for directions the only error that the Appellate Court passed upon that the trial court could obviate was the appointment of a guardian ad litem before the trial commenced and the allowance of amendments to the pleadings in the form of a plea or answer by the guardian ad litem.

We hold that the trial court erred in reinstating the judgments on the verdicts and the same are reversed and this cause is remanded to the Circuit Court of DuPage county, Illinois, for further proceedings consistent with this opinion and for a new trial on the complaint and answer thereto and the counterclaim and answer.

Reversed and remanded with directions and for a new trial.

DOVE, P. J. and McNEAL, J., concur.